[S. F. No. 4144. In Bank—February 20, 1905.]

## JOSEPH REBSTOCK, Petitioner, v. SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO et al., Respondents.

CRIMINAL LAW—VIOLATION OF PRIMARY ELECTION LAW—DEFENSE—EVIDENCE BEFORE GRAND JURY—EXEMPTION FROM PROSECUTION—JURISDICTION—PROHIBITION.—Under an indictment against an officer of a primary election for willful neglect and refusal to perform his duty in violation of section 41 of the Penal Code, the exemption of the defendant from prosecution under section 64 of the Penal Code for having been a witness for the prosecution, is matter of defense to be proved under the plea of not guilty, and to be availed of upon the trial; and a writ of prohibition will not lie to prevent the prosecution under the indictment, which is not in excess of the jurisdiction of the superior court.

ID.—CONSTRUCTION OF SECTION 64 OF PENAL CODE.—Section 64 of the Penal Code, providing that "no prosecution can afterwards be had against such witness," cannot be construed as placing such prosecution beyond and outside of the jurisdiction of any court, or taking from the court in which a criminal proceeding is pending the jurisdiction to determine whether or not the proceeding is barred under that section by reason of facts bringing the case within it.

ID.—CONSTITUTIONAL LAW—PROTECTION OF WITNESS.—The privilege of defense against a prosecution furnishes to the witness all the protection guaranteed by the constitution, that no person shall be compelled to be a witness against himself in a criminal action; and it was not designed that the witness should stand in any better position under the bill of rights by reason of his exemption from prosecution than any innocent person.

ID.—CHALLENGE TO VOTER UNDER PRIMARY ELECTION LAW—REQUIREMENT OF OATH VALID.—The oath required to be administered to a voter challenged under the primary election law, on the ground that he has no bona fide present intention of supporting the nominees of the party in whose nominating convention he seeks to participate by voting for delegates thereto, does not violate section 5 of article II of the constitution as to secrecy in voting; and the law requiring such oath is authorized by section 2½ of the same article, adopted in 1900, empowering the legislature to determine the tests and conditions under which electors may participate in any primary election.

PETITION for Writ of Prohibition against the Superior Court of the City and County of San Francisco. W. P. Lawlor, Judge.

The facts are stated in the opinion of the court.

A. S. Newburgh, and Burke & O'Grady, for Petitioner.

Charles L. Weller, George T. Wright, and John A. Hosmer, for Respondent.

ANGELLOTTI, J.—On October 13, 1904, an indictment was presented by the grand jury of the city and county of San Francisco to the superior court thereof against petitioner, charging him with a violation of the provisions of section 41 of the Penal Code, in that he, being an election officer in primary election precinct 80 of said city and county at a primary election held therein on August 9, 1904, had willfully and knowingly neglected and refused to perform a duty incumbent on him as such officer, it being alleged that he had willfully and knowingly refused to administer an oath or affirmation to a challenged elector at such election (as required by section 1367 of the Political Code), and had allowed such elector to vote without making the necessary oath or affirmation.

The superior court, proceeding in the usual mode, has caused petitioner to be arraigned upon said indictment, has required him to plead thereto, and will proceed with his trial thereunder, unless restrained by this court.

Petitioner seeks a writ of prohibition, restraining the superior court from proceeding further in the matter of said indictment, claiming that such court is without jurisdiction in the matter by reason of the fact that prior to the finding of the indictment he appeared before the grand jury that found the same, in response to a subpœna issued by the district attorney under direction of the grand jury, and there, in an investigation then being conducted by such grand jury relative to irregularities in said precinct at said election, was compelled to testify and did testify for the prosecution in regard to the offense for which he has been indicted.

Section 64 of the Penal Code, which is a part of title IV of part I thereof, and in which title is included said section 41, provides as follows: "No person otherwise competent as a witness shall be disqualified or excused from testifying concerning any of the offenses enumerated and prescribed in this title, on the ground that such testimony may criminate

himself; but no prosecution can afterwards be had against such witness for any such offense concerning which he testified for the prosecution."

Petitioner's claim that the superior court is without jurisdiction to entertain or proceed upon said indictment is based upon the provisions of this section.

Conceding, for the purposes of this proceeding, that the petition for a writ of prohibition establishes a case in which petitioner is entitled to invoke the provisions of this section as exempting him from all liability for the offense alleged in the indictment, we cannot see that a case is made that will justify a writ of prohibition restraining the superior court from proceeding under said indictment.

. Prohibition lies only when the threatened proceedings "are without or in excess of the jurisdiction of" the tribunal sought to be prohibited. (Code Civ. Proc., sec. 1102.)

·The defendant was charged by the indictment with having, in the city and county of San Francisco, committed a public offense, triable by the superior court of that city and county. Such an indictment having been presented, it was the duty of the court, in the exercise of its jurisdiction, to proceed thereunder in the usual mode, with a view to a determination of the issues· proposed thereby, and it was and is open to the defendant to show to the court having such jurisdiction, in response to any showing that may be made by the prosecution, any reason why, if originally guilty of the offense charged, he could not be convicted thereof. He says to this court in this independent proceeding, in effect, that although he may have committed the offense charged he cannot be found guilty thereof, for the reason that he testified concerning the same for the prosecution before the grand jury that found the indictment. His claim in this regard may be well founded, in view of the provisions of section 64 of the Penal Code, but his position, so far as the jurisdiction of the court in which the indictment is pending is concerned, is precisely the same as if he here alleged that the statute of limitations had run against the offense prior to the finding of the indictment, or that he had heretofore been acquitted of the offense, or had once been in jeopardy for such offense. His claim, if well founded in fact, is a full and complete defense to the charge against him, but it is, like the other defenses just

enumerated, nothing more than a defense, and, like all other defenses, including that of a denial of the truth of the allegations of the indictment, must be presented for determination as to its sufficiency to the tribunal having jurisdiction of the proceeding, which, in the exercise of its jurisdiction, will determine as to the sufficiency of the defense, and any error committed by such court in the exercise of its jurisdiction in regard thereto can be corrected on an appeal. It must necessarily be for the court in which a charge against a person for a public offense within its jurisdiction is pending to determine as to any and all defenses offered thereto, and in so determining it cannot be held to be acting in excess of its jurisdiction. It may act erroneously, but the remedy for its error in this regard is not to be found in a writ which lies only to prohibit acts in excess of jurisdiction.

Section 1020 of the Penal Code provides that "All matters of fact tending to establish a defense, other than that specified in the third and fourth subdivisions of section one thousand and sixteen'' (former conviction or acquittal and once in jeopardy), "may be given in evidence under a plea of not guilty.'' Under his plea of not guilty defendant may therefore show the facts here alleged, just as he could show a defense under the statute of limitations, and if improperly denied his rights in this regard may have the error corrected on appeal.

It probably would not be contended that there was any doubt as to the correctness of what has been said, as applied to the defense of limitations. Reliance is placed here upon the language of section 64, that "no prosecution can afterwards be had against such witness,'' as placing any such prosecution beyond and outside of the jurisdiction of any court. We cannot construe this language as taking from the court in which a criminal proceeding is pending the jurisdiction to determine whether or not such proceeding is barred by reason of facts bringing the case within the provisions of said section 64. The precise question here presented has not been decided in any case that has come to our attention, but in the cases involving the question as to whether statutory provisions substantially similar to those of section 64 furnish all the protection guaranteed by the constitutional provisions to the effect that no person shall be compelled in any criminal case

to be a witness against himself, and a witness consequently be compelled to testify thereunder, it has been recognized wherever the matter was suggested that the exemption given by the statute is purely a matter of defense. Thus, in the case of *Brown* v. *Walker*, 161 U. S. 591, where the statute provided that no person so testifying "shall be prosecuted or subjected to any penalty or forfeiture for or on account of any transaction, matter, or thing, concerning which he may testify," it was decided by the United States supreme court by a bare majority that the statute did furnish all the protection guaranteed by the constitution, but it was recognized by both the majority and minority opinions that a person so testifying, if afterwards prosecuted, must, under such statute, prove his immunity by way of confession and avoidance. In the majority opinion (p. 608) it was said: "The same answer may be made to the suggestion that the witness is imperfectly protected by reason of the fact that he may still be prosecuted and put to the annoyance and expense of pleading his immunity by way of confession and avoidance. This is a detriment which the law does not recognize. There is a possibility that any citizen, however innocent, may be subjected to a civil or criminal prosecution, and put to the expense of defending himself, but unless such prosecution be malicious, he is remediless, except so far as a recovery of costs may partially indemnify him." In the minority opinion it was said (p. 621), speaking of the clause "no person shall be prosecuted": "How possibly can effect be given to this provision if taken literally. . . . When an indictment has been found, and the accused has been called upon to plead to it, he assuredly has been *prosecuted*. So that all that can be said is that the witness is *not* protected by the provision in question from being *prosecuted*, but that he has been furnished a good plea to the indictment, which will secure his acquittal. But is that true? Not unless the plea is sustained by competent evidence. His condition, then, is that he has been prosecuted, been compelled, presumably, to furnish bail, and put to the trouble and expense of employing counsel and furnishing the evidence to make good his plea."

In *State* v. *Nowell*, 58 N. H. 314, the statute discussed provided "nor shall he be thereafter prosecuted for any offense so disclosed by him." The court, speaking of

the objection that the witness might be called on to defend against a subsequent prosecution, said: ''It is true that a witness who discloses may afterwards be wrongfully prosecuted for the offense disclosed, notwithstanding the statutory exemption. But the witness has, under the statute, all the protection which the common-law right, adopted by the bill of rights in the common-law sense, gives him. . . . The legal protection of the witness against prosecution for crime disclosed by him is, in law, equivalent to his legal innocence of the crime disclosed. So far as his constitutional right is concerned, the case is as if the express provision of the statute were that a clerk, servant, or agent testifying against his principal is not guilty of such violations of chapter 99 as he discloses. The witness, regarded in law as innocent if prosecuted for a crime which he has been compelled by the statute to disclose, will stand as well as other innocent persons; and it was not the design of the common-law maxim, affirmed by the bill of rights, that he should stand any better. Were the case put by the respondent to occur, improbable as it may seem, he could plead and show that he had disclosed the same offense upon a lawful accusation against his principal, and thus make a perfect answer in bar or abatement of the prosecution against himself. Having testified, there would be as to him no statute authorizing a prosecution. . . . The indictment would be dismissed, or a verdict ordered in his favor.''

It has been held in many cases that a witness is not exempted under the constitutional provision, in the absence of any statutory provision exempting him from prosecution for offenses concerning which he is asked to testify, from testifying concerning any offense which is, as to him, barred by the statute of limitations. (See *Brown* v. *Walker,* 161 U. S. 598, and cases there cited.) The reason for such ruling is, that he is immune from legal punishment for any such offense because of the running of the statute. He may be prosecuted for such offense, but the statute of limitations affords him a legal defense therefor, which is sufficient to satisfy the requirements of the constitutional provision. Such, doubtless, would also be the rule where the witness had been pardoned as to the offense, or had been finally convicted or acquitted thereof, or had once been in jeopardy thereon. The effect of the decisions is that a statute exempting a witness from all

liability to punishment for any offense in reference to which he may testify, affords protection equal to that given by the constitutional provision, and that under such a statute he may be compelled to testify. Such is the ruling of the supreme court of the United States upon a constitutional provision which is practically the same as ours (*Brown* v. *Walker,* 161 U. S. 591), and the ruling of this court in *Ex parte Cohen,* 104 Cal. 524,[1] in considering section 32 of the Purity of Election Law of 1893 (Stats. 1893, p. 26). That section not only provided that the person testifying "shall not thereafter be liable to indictment or presentment by information, nor to prosecution or punishment for the offense with reference to which his testimony was given," but also that he "may plead or prove the giving of testimony accordingly in bar of such indictment, information, or prosecution." The section was fully as strong regarding exemption from prosecution as is section 64 of the Penal Code. Of it this court said: "The statute purports to compel him to testify" in the same manner as any other person, and as the equivalent for his constitutional protection gives him a legislative protection of equal scope and effect by *exempting him from all liability to punishment* for the offense with reference to which he testifies. The exemption is as broad as the compulsion, and the protection is equal to that given by the constitution. . . . If, in giving such testimony, the testimony has reference to another offense committed by himself, he is within the protection of the statute, and upon any prosecution for such offense is authorized to plead or prove in bar thereof that under the compulsion of this section he gave testimony with reference to such offense." It is true that the statute there expressly provided that the witness might plead or prove the giving of testimony in bar of the indictment or information, but such provision was entirely unnecessary, in view of the express provision of section 1020 of the Penal Code, heretofore cited. It also provided that the witness "shall not thereafter be liable to indictment . . . nor to prosecution," making it practically the same in this regard as section 64 of the Penal Code. If the court in which the indictment is pending is, under said section 64, without jurisdiction to hear and determine as to the sufficiency of such a defense, so also it must have

---

[1] 43 Am. St. Rep. 127.

been without jurisdiction so to do in a case arising under the section considered in *Ex parte Cohen,* 104 Cal. 524.[1]

The language of section 64 of the Penal Code is certainly no stronger than that used by our law relative to jeopardy and former conviction or acquittal. The constitution provides, in terms, that no person shall be twice put in jeopardy for the same offense (art. I, sec. 13), and it is provided by section 687 of the Penal Code that "No person can be subjected to a second prosecution for a public offense for which he has once been prosecuted and convicted or acquitted." Yet, in the face of this language, it is thoroughly settled that jeopardy, former conviction, and former acquittal are available to a defendant only *by way of defense,* and under the provisions of sections 1017 and 1020 of the Penal Code matters of fact tending to establish such defenses can be given in evidence only under the special pleas provided for in subdivisions 3 and 4 of said section 1017. If such defenses are not tendered by such special pleas, they are waived, and despite the peremptory language of section 13 of article I of the constitution, and section 687 of the Penal Code, cannot operate to save the defendant from conviction and punishment. (See *People* v. *Lee Yune Chong,* 94 Cal. 379, 387; *People* v. *Stoll,* 143 Cal. 689, 696.) Under the provisions of section 1020 of the Penal Code, the defense here invoked is available under the plea of "not guilty."

The object of all such provisions as those contained in section 64 of the Penal Code is simply to provide one coming within its terms with an absolute legal defense to any prosecution that may thereafter be instituted against him for any offense concerning which he may have testified. The section simply means that the showing of the facts therein stated, when made to the court having jurisdiction of the case, shall be a full and complete defense to any prosecution thereafter instituted. So construed, it, under the decisions, satisfies the constitutional guaranty.

It is unnecessary to here determine whether the indictment should have been dismissed by the superior court, upon the motion for dismissal made by petitioner upon the grounds here urged in support of the application for a writ of prohibition. If the court erred in denying the motion, its error

[1] 43 Am. St. Rep. 127.

can be rectified upon an appeal from any judgment that may hereafter be pronounced.

It is suggested that the indictment fails to state a public offense, for the reason that the oath which the defendant omitted and refused to administer, is in violation of section 5 of article II of the constitution of California, which provides as follows: "All elections by the people shall be by ballot or by such other method as may be prescribed by law; provided, *that secrecy in voting be preserved.*"

The oath mentioned, to be taken by a voter challenged on the ground that he has not a, *bona fide* present intention of supporting the nominees of the party in whose nominating convention he seeks to participate by voting for delegates thereto, is one to the effect that he has a present *bona fide* intention to support the nominees of such convention.

Assuming that the question thus raised is one that may properly be determined in this proceeding, it is manifest that there is nothing in the point thus made. By section 2½ of the same article of the constitution, adopted in the year 1900, the legislature is expressly empowered to determine the tests and conditions upon which electors may participate in any primary election, and there is nothing in a provision enacted by the legislature in pursuance of this authority, requiring one seeking to participate in such an election as a member of any particular party, to openly declare his allegiance to such party, which in any degree violates the constitutional provision invoked. Such a declaration is absolutely essential to the proper working of any primary law. By his mere offer to vote for delegates to a convention of any party, the elector does, in effect, declare his intention to support the nominees of such convention, and the oath is provided for as a guaranty of the truth of the declaration already made by such offer to vote.

The alternative writ of prohibition heretofore issued is discharged, and the petition for a writ of prohibition is denied.

Shaw, J., Van Dyke, J., Beatty, C. J., and Lorigan, J., concurred.

Rehearing denied.