[S. F. No. 5506.   In Bank.—March 8, 1911.]

## P. R. LUND, Petitioner, v. SUPERIOR COURT IN AND FOR THE CITY AND COUNTY OF SAN FRANCISCO, and J. V. COFFEY, JUDGE, Respondent.

GUARDIAN AD LITEM—COMPENSATION OF ATTORNEY FOR CONDUCTING LITIGATION—ORDER FIXING FEE IN GUARDIANSHIP PROCEEDINGS—CERTIORARI.—An attorney employed by a guardian *ad litem* of a minor, to prosecute an action pending in the superior court on behalf of the minor, and whose fee for his services had never been fixed by the court having jurisdiction of the action, cannot maintain a writ of review to annul the order of another department of the superior court, made in the guardianship proceedings of the estate of such minor, fixing his fee for such services.

APPLICATION for a Writ of Review directed to the Superior Court of the City and County of San Francisco. J. V. Coffey, Judge.

The facts are stated in the opinion of the court.

Jas. P. Sweeney, for Petitioner.

J. K. Johnson, for Respondent.

HENSHAW, J.—Writ of review was issued from this court under the following allegations set forth in a verified petition: Frank B. Del Carlo, a minor, through his guardian *ad litem*, Frank Del Carlo, duly and regularly appointed, brought an action in the superior court of the city and county of San Francisco, against the United Railroads of San Francisco, to recover damages for personal injuries. The action was assigned to the department presided over by the Honorable Frank J. Murasky. The guardian *ad litem* employed petitioner, an attorney at law, to prosecute the action on behalf of the minor. Leave to compromise the action was obtained from the superior court, and the action was compromised and settled for the sum of thirteen hundred dollars. The superior court in which the action was thus compromised and settled "allowed petitioner an attorney's fee in the sum of $650."

Thereafter, in the probate department of the superior court, presided over by the Honorable J. V. Coffey, Frank Del Carlo was appointed guardian of the estate of the minor, and from the last named court a citation was issued to petitioner to show cause why the judge in probate should not fix the compensation of petitioner for his services rendered in the litigation against the United Railroads above set forth. In response to this citation petitioner made answer and showing that his fee had been fixed by the Honorable Frank J. Murasky in the sum of six hundred and fifty dollars, and for this reason objected to the jurisdiction of the court in probate to proceed with the hearing of the matter. Notwithstanding this, the court in probate made its order fixing petitioner's compensation in the sum of two hundred and fifty dollars, and requiring him to pay over fifty dollars of the three hundred dollars which he had collected and retained under the compromise.

It was under these allegations of fact that the order was issued to determine the question of the jurisdiction of the probate court to make its order fixing the fee of petitioner when that fee had already been previously fixed by another department having jurisdiction of the litigation in prosecution of which the services were rendered. (*Cole* v. *Superior Court,* 63 Cal. 90, [49 Am. Rep. 78].) But upon the presentation here of the record it is established that no such order was made by the Honorable F. J. Murasky and that no order at all was made by him fixing the fee of petitioner. Moreover, that petitioner before the probate court did not make the contention that such an order had been made by the Honorable F. J. Murasky, but, to the contrary, contended that he was entitled to a fee of six hundred and fifty dollars by virtue of a written agreement made with the guardian *ad litem* of the minor, by which he was to receive fifty per cent of any recovery had from the United Railroads. Under these facts no question of law is presented, and the writ is therefore discharged.

Sloss, J., Angellotti, J., Shaw, J., Melvin, J., and Lorigan, J., concurred.