[Civ. No. 1854. Second Appellate District.—October 30, 1915.]

C. F. McGINIS et al., Petitioners, v. JUSTICE'S COURT OF THE TOWNSHIP OF CALEXICO, COUNTY OF IMPERIAL, et al., Respondents.

PROHIBITION—OFFICE OF WRIT.—The writ of prohibition will issue to restrain judicial acts which are without or in excess of jurisdiction.

ID.—VIOLATION OF POISON LAW—ENFORCEMENT OF JUDGMENTS—RIGHTFUL POSSESSION OF DRUGS.—A writ of prohibition will not lie to prevent a justice's court from carrying into effect certain judgments convicting the petitioners of having in their possession certain preparations of opium, morphine, and cocaine, contrary to the provisions of an act of the legislature which restricts the sale and keeping of certain drugs and poisons (Stats. 1907, p. 124, as amended, Stats. 1913, p. 694, and Stats. 1913, p. 697), and from "ordering the confiscation" of the drugs referred to in the petition, upon the ground that the conditions under which the possession of the drugs was had showed a state of facts which afforded complete defense to the charge, as the trial court had jurisdiction to hear and determine such matter, and the remedy of the petitioners was by appeal.

ID.—ERRORS IN EXERCISE OF JURISDICTION—REMEDY—APPEAL.—Where a court in a criminal case is vested with jurisdiction of the person and offense, mere errors or irregularities of procedure can be corrected on appeal only.

APPLICATION for a Writ of Prohibition originally made to the District Court of Appeal for the Second Appellate District against the Justice's Court of the Township of Calexico, County of Imperial, State of California, and Hon. J. B. Hoffman, Justice of said court.

The facts are stated in the opinion of the court.

William Sea, Jr., for Petitioners.

E. E. Leighton, Galen Nichols, District Attorney, and Ernest R. Simon, Deputy District Attorney, for Respondents.

THE COURT.—Petitioners have asked for a writ of prohibition to prevent the carrying into effect of certain judgments entered in the justice's court of Calexico township, which judgments were afterwards modified on appeal by the

superior court of Imperial County; and from "ordering the confiscation" of the drugs referred to in the petition. Defendants were charged with having in their possession certain preparations of opium, morphine, and cocaine, contrary to the provisions of an act of the legislature which restricts the sale and keeping of certain drugs and poisons. (Stats. 1907, p. 124, as amended, Stats. 1913, p. 694, and Stats. 1913, p. 697.) The act, in addition to prescribing punishment by fine or imprisonment or both, provides for the confiscation of any drugs taken from the possession or control of the accused and which are being used or kept in violation of the provisions of the statute. Upon being convicted in the justice's court, defendants took their appeals to the superior court, which appeals were by the latter court heard and determined and the judgments, which provided for imprisonment and fine, were modified and affirmed. From other facts presented by the petition (which includes as part thereof the statements on appeal) it appears that the shipment of cocaine, morphine, and opium was made at St. Louis, Mo., through the medium of an express company, consigned to McGinis and Young, petitioners, the destination as given on the bill of lading being Mexicali, Mexico. The express company conveyed the drugs to its Calexico office, Calexico being immediately across the line on the United States side from Mexicali. By reference to the transcript of the testimony heard at the trial, it is made to appear that one of the petitioners paid the charges on the drugs at Calexico, and that the duty of the express company as to transportation of the same was there ended. The agent of the express company testified that the drugs could have been taken away by the petitioners at any time after the charges were paid. There was testimony further that petitioners employed a customs broker to transport the drugs across the line into Mexico, to themselves, and turned the box over to him at the express office, which place was also the office of the broker; but that before anything further had been done the arrest of petitioners and the seizure of the drugs took place. There was other evidence touching the circumstances relative to the business of petitioners and their residence in close proximity to the boundary line between the two countries. The claim of petitioners, as urged in defense of the charge and as now presented as ground for the issuance of the writ sought,

was that the shipment of drugs was one of interstate and foreign commerce, made under authority of U. S. governmental regulations which gave a privilege not to be affected by the state law.

The writ of prohibition will issue to restrain judicial acts which are without or in excess of jurisdiction. (Code Civ. Proc., sec. 1102.) Uniformly it has been held that where a court in a criminal case is vested with jurisdiction of the person and offense, mere errors or irregularities of procedure can be corrected on appeal only, the latter method furnishing a complete and adequate remedy. "It must necessarily be for the court in which a charge against a person for a public offense within its jurisdiction is pending to determine as to any and all defenses offered thereto, and in so determining it cannot be held to be acting in excess of its jurisdiction. It may act erroneously, but the remedy for its error in this regard is not to be found in a writ which lies only to prohibit acts in excess of jurisdiction." (*Rebstock* v. *Superior Court*, 146 Cal. 308, [80 Pac. 65]; *Hogan* v. *Superior Court*, 16 Cal. App. 783, [117 Pac. 947].) There can be no question here but that the justice's court had jurisdiction of the offense charged against the defendants. As to whether the conditions under which the possession of the drugs was had by petitioners showed a state of facts which afforded complete defense to the charge, was a matter proper for the trial court to hear and determine. From the statement of the testimony as exhibited by the petitioners, the question as to whether the poisons were en route as an interstate shipment was a matter for serious debate. That the initial carrier had performed its contract and delivered the poisons to the consignee in the state of California, may well be concluded from the evidence as expressed in the testimony of the several witnesses who were heard at the trial. The question, too, as to whether the shipment was in good faith, as a shipment of drugs designed for use in another country, was one which the trial court might have considered properly involved and have fairly decided adverse to the contentions of the defendants in that case. Whether decided rightly or wrongly, the defendants had their trial and had their appeal and hearing in the superior court. Some point is made against the provision of the law providing for the confiscation of drugs taken upon the arrest of persons charged with having or using them

unlawfully. It is nowhere made to appear as to what action the justice's court proposed to take as to the drugs seized, and the judgments as they are shown to have been entered contain no mention of that matter. That the legislature may properly provide for the confiscation of property used in the perpetration of a public offense seems too firmly established to admit of any doubt. But even though the statute here in certain of its provisions might be subject to criticism, petitioners do not in their presentation of facts show any order of confiscation made affecting the drugs or any threat on the part of the officers of the law to destroy or otherwise appropriate the poisons admitted to have been seized.

We are of the opinion that this is not a proper case in which to invoke the aid of prohibition.

The prayer for a peremptory writ is denied.