[Sac. No. 3326. In Bank.—February 25, 1922.]

COUNTY OF SUTTER, Petitioner, v. SUPERIOR COURT OF THE STATE OF CALIFORNIA, etc., Respondent.

[1] Public Work — Highway Construction — Action on Bond for Material and Labor—Relief.—An action upon a bond given pursuant to the act of 1919, to secure payment for material and labor under a contract executed by the board of supervisors of a county for the construction of a highway, is a simple action for money due upon contract, and the only relief that can be given therein is a judgment for the recovery of the money due.

[2] Id.—Stop Notices—Section 1184, Code of Civil Procedure—Inapplicability to Contracts for Highway Construction.—The provision of section 1184 of the Code of Civil Procedure with reference to withholding funds due upon a construction contract upon stop notice being given does not apply to contracts for the construction of public highways.

[3] Id.—Prohibition—Points Which cannot be Raised on.—In a proceeding for a writ of prohibition to restrain the superior court to which said action has been regularly transferred for trial from proceeding with the trial, the question as to whether or not the county which executed the contract was improperly made a party to the action, and a controversy between that county and the contractor with respect to money due upon the contract price, cannot be raised.

[4] Id.—Purpose of Writ of Prohibition.—A writ of prohibition is issued only to arrest proceedings of a superior court which are without or in excess of its jurisdiction.

---

4. Jurisdictional question as reviewable by prohibition, note, **Ann. Cas.** 1913D, 595.

[5] ID.—SUPERIOR COURT—JURISDICTION.—The superior court is a court of general jurisdiction and its jurisdiction in all cases to recover money due on a contract in which the demand exceeds three hundred dollars is full and complete. Its power extends to the bringing in of new parties to an action and to the dismissal of the action as against any person improperly joined or brought in as a party. These matters are incidental to its exercise of jurisdiction in any cause pending before it, and if it erroneously directs that a new party be brought in, such erroneous action is not an excess of jurisdiction, but is an erroneous exercise thereof which may be corrected on appeal. Even if an order made as an incident in the progress of a case involves a question of jurisdiction, prohibition cannot be invoked to annul the order or stop proceedings under it.

[6] ID. — DIVISION OF BALANCE DUE ON CONTRACT — PENDENCY OF FORMER ACTION — REMEDY. — Where the question concerning the division of the balance of the contract price upon a highway contract, between the respective plaintiffs thereto, is involved, any cases pending before the bringing of an action on a contractor's bond for material furnished and labor performed under the contract does not involve a point as to the jurisdiction of the court, but in such case, upon proper pleading and proof, the court before whom the second case is pending should stay a trial and decision until disposition of the first proceeding.

APPLICATION for a Writ of Prohibition to stay the trial of an action pending in the Superior Court of the State of California in and for the County of Sacramento. C. O. Busick, Judge. Writ denied.

The facts are stated in the opinion of the court.

Arthur Coats for Petitioner.

Thomas B. Leeper and Robert H. Schwab for Respondent.

SHAW, C. J.—This is a proceeding in prohibition begun originally in the district court of appeal for the third district and which, after decision by that court, was transferred to the supreme court for rehearing.

The object of the petition is to prohibit the superior court of Sacramento County from proceeding to the trial of an issue arising in an action pending in that court wherein D. J. Murphy is plaintiff and D. C. Howard, W. H. McMorry, and E. M. Kaster are defendants, to recover money on a bond executed by the defendants to secure the per-

formance of a contract for certain public work and payment
by the contractor for materials and labor furnished for and
used in said work, which bond was required by the act
of May 10, 1919. (Stats. 1919, p. 487.) The claim is that
the superior court of Sacramento County had no jurisdiction
to try the particular issue set forth in the petition.

In the year 1920 the board of supervisors of the county
of Sutter executed a contract with Howard for the con-
struction of a highway in said county. In pursuance of the
act of 1919, aforesaid, Howard executed the bond required
by that act, with McMorry and Kaster as sureties thereon.
This act requires the contractor upon such work to give a
bond with sureties for the payment by the contractor of
money due from him for any materials, provisions, prov-
ender, or other supplies or teams, used in the performance
of the work, and for any labor done thereon. It further
provides that any person furnishing such material or per-
forming such labor may file with the board of supervisors
"a verified statement of such claims, together with a state-
ment that the same have not been paid," that such statement
may be filed any time prior to the expiration of thirty days
from the completion of the work, and that, after filing such
statement, such person may, within ninety days after the
expiration of the first period of thirty days, begin an action
on the bond for the recovery of the amount due him. The
act contains some details concerning the time of filing the
verified statement which we have not given, but we have
stated its effect so far as the questions involved herein are
concerned.

[1] The action of D. J. Murphy is an action upon the
bond so given, for money alleged to be due to Murphy and
certain persons who assigned their claims to him, for mate-
rial and labor used in the construction of said highway.
It is a simple action for money due upon contract and the
only relief that can be given therein is a judgment for the
recovery of the money due.

The action was begun in the county of Sutter, but by
regular proceedings it was thereafter transferred for trial to
the superior court of the county of Sacramento. Thereupon,
in the county of Sacramento, the defendants applied to that
court for leave to have the county of Sutter made a party
to the action, upon the ground that there was money due

and owing from the county of Sutter, on the highway construction, to be applied *pro rata* upon the claims of all persons who had furnished material or had performed labor on the construction of the highway in question, and that the said defendants desired to have said moneys so applied and the portion thereof due to the plaintiff, Murphy, credited upon his claims for their benefit. The court granted the application and made an order that the county of Sutter be made a party thereto for that purpose.

The petition herein seeks to have said court prohibited from proceeding to try any issue concerning the money alleged to be in the hands of the county of Sutter and remaining unpaid upon the contract price for the construction of said highway. It contends that the county of Sutter was improperly made a party and that the court has no jurisdiction, in an action for money against the contractor and his sureties, to consider or determine a controversy existing between the county of Sutter and the contractor with respect to money due from said county upon the contract price.

[2] In so far as the motion for leave to bring in Sutter County as a party is based on the theory that the materialmen and laborers have acquired some sort of a lien on or equitable attachment against the unpaid balance of the contract price for the highway construction, under and by virtue of stop notices given as provided in section 1184 of the Code of Civil Procedure, the entire fabric would seem to have been destroyed by the decision in *Slayden* v. *Odea,* 182 Cal. 500 [189 Pac. 1066], holding that section 1184 does not apply to contracts for the construction of public highways.

Since the action of Murphy was to recover money due upon a bond, and involved nothing more than his right to a money judgment against the defendants, he not being, as to that action, in anywise concerned with or interested in the rights or equities of the several obligors on the bond, as between themselves, it may well be doubted if the superior court of Sacramento County did not manifestly err in making the order bringing in the county of Sutter as a party to such an action for the purpose stated.

[3] But we do not think these questions can be raised by a proceeding in prohibition. [4] Such writ is issued

only to arrest proceedings of a superior court which "are without or in excess of" its jurisdiction. (Code Civ. Proc., sec. 1102.) [5] That court is a court of general jurisdiction and its jurisdiction in all cases to recover money due on contract in which the demand exceeds three hundred dollars is full and complete. (Const., art. VI, sec. 5.) Its power extends to the bringing in of new parties to an action (Code Civ. Proc., sec. 389) and to the dismissal of the action as against any person improperly joined or brought in as a party. These matters are incidental to its exercise of jurisdiction in any cause pending before it. If it erroneously directs that a new party be brought in, such erroneous action is not an excess of jurisdiction, but is an erroneous exercise thereof which may be corrected on appeal. Even if an order made as an incident in the progress of a case involves the question of jurisdiction, prohibition cannot be invoked to annul the order or stop proceedings under it. "If that were so, then in every ordinary civil action, whenever a defendant chose to raise a point of jurisdiction, either of the person or of the subject matter, he could by prohibition stop the ordinary progress of the action toward a judgment until this court had passed upon the intermediate question; and thus this tribunal would, in innumerable cases, be converted from an appellate to a *nisi prius* court." (*Agassiz* v. *Superior Court,* 90 Cal. 103 [27 Pac. 50].)

[6] With respect to the point that the question concerning the division of the balance of the contract price upon the highway contract between the respective claimants thereto is involved in cases pending in Sutter County, begun before the present action was begun, we think this point "is not one that goes to the jurisdiction of the superior court. At most, that court would be bound, upon being informed by proper pleading and proof that a tribunal of concurrent jurisdiction had first taken cognizance of the controversy, to stay a trial and decision until the proceedings first instituted should be disposed of. The plea in such case would be analogous to that of 'another action pending.' A failure to recognize the effect of such plea would be mere error, to be corrected on appeal." (*McGregor* v. *Board of Trustees,* 159 Cal. 447 [114 Pac. 569].)

The result is that regardless of the question whether the superior court of Sacramento County is proceeding regu-

larly or not, its acts are not in excess of its jurisdiction, and cannot be made the subject of a writ of prohibition.

The application for a writ of prohibition is denied.

Lawlor, J., Wilbur, J., Shurtleff, J., Waste, J., and Sloane, J., concurred.