[S. F. No. 19704. In Bank. Oct. 1, 1958.]

MARTHA MITCHELL et al., Petitioners, v. SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO, Respondent.

828

Arthur D. Klang for Petitioners.

Edmund G. Brown, Attorney General, Clarence A. Linn, Assistant Attorney General, William M. Bennett and Arlo E. Smith, Deputy Attorneys General, for Respondent.

TRAYNOR, J.—Informations charged defendants with possession of heroin, two sales of heroin and maintenance of a place for the sale of narcotics in violation of Health and Safety Code, sections 11500 and 11557. Their motions to set aside the informations on the ground that they had not been legally committed by a magistrate (Pen. Code, § 995) were denied and they now seek a writ of prohibition to prevent their trial.

Evidence at the preliminary hearing showed that police officers received information from two informers that defendants were selling narcotics in their apartment. The officers searched the two informers and removed all articles from their clothing. Each of the informers was given $20 in bills dusted with fluorescent powder. The serial numbers

of the bills were recorded. The officers escorted the informers to defendants' apartment. The informers entered the apartment separately and in a few minutes returned separately. They were then searched. The bills were gone and each informer had a bindle of heroin. The officers waited in front of the apartment door for about 10 or 15 minutes. Defendant Mitchell opened the door and was immediately placed under arrest. She dropped a package of heroin to the floor. The officers arrested defendant Flynn in the bedroom and found four bindles of heroin on his person. The officers found the bills given to one informer behind one of the dresser drawers, but they did not find the bills given to the other informer. There was fluorescent powder on both of Mitchell's hands and on Flynn's finger tips and shirt. On cross-examination the magistrate sustained objections to defendants' questions seeking to ascertain the names of the informers.

We have concluded that it was error to deny defendants disclosure of the names of the two informers at the preliminary hearing on their cross-examination of the officer who testified to the participation of the informers but that prohibition does not lie to restrain the trial of defendants.

█ A defendant is entitled at his trial to ascertain on cross-examination the name of an informer who is a material witness on the issue of guilt. (*People* v. *McShann, ante,* p. 802 [330 P.2d 33]; *People* v. *Lawrence,* 149 Cal.App.2d 435, 450-451 [308 P.2d 821].) █ The reasons that require disclosure at the trial also require disclosure at the preliminary hearing, for the defendant has the right at such hearing to cross-examine the prosecution's witnesses (Pen. Code, § 865) and to produce witnesses in his own behalf (Pen. Code, §§ 864, 866). The exercise of these rights at the preliminary hearing may enable the defendant to show that there is no reasonable cause to commit him for trial and thus to avoid the degradation and expense of a criminal trial.

█ Prohibition does not lie to review rulings of the magistrate on the admissibility of evidence at the preliminary hearing unless the commitment is based entirely on incompetent evidence. (*Rogers* v. *Superior Court,* 46 Cal.2d 3, 7-8 [291 P.2d 929].) Defendants do not contend that as a result of the magistrate's error there is no competent evidence to support a finding of reasonable cause to commit them for trial. (*Cf. Priestly* v. *Superior Court, ante,* p. 812 [330 P.2d 39].) It is contended, however, that denial of the right of cross-examination at the preliminary hearing is not only a

ruling on the admissibility of evidence but the denial of a constitutional right. It is unnecessary to resolve this contention, for there was not such an interference with the right of cross-examination in this case as to justify a writ of prohibition. It does not appear that disclosure of the names of the informers was demanded to enable defendants to discredit the prosecution's evidence at the preliminary hearing or that they wished to use the informers as witnesses at that hearing. Indeed, defendants' brief indicates otherwise: "The defendants did not present a defense other than cross-examination in the preliminary hearing. They were not required so to do and this Honorable Court is aware that not only is it rarely done, but would be a foolhardy thing to do." The value to defendants of disclosure is that it might enable them to obtain information useful in their defense at the trial. It cannot be presumed that the superior court will erroneously deny disclosure at the trial or fail to grant a continuance if it is necessary to enable defendants to locate and interview the informers in the preparation of their defense. Although the delay incident to such a continuance would have been obviated had the magistrate ruled correctly, his erroneous ruling on the admissibility of evidence does not raise a jurisdictional issue. (*Rogers* v. *Superior Court, supra,* 46 Cal.2d at 6-7.) Since there was competent evidence to justify committing defendants and disclosure of the names of the informers can be obtained at the trial, defendants were not prejudiced by the error or deprived of any substantial right. (See Pen. Code, § 1404.)

The alternative writ is discharged and the peremptory writ is denied.

Gibson, C. J., and Schauer, J., concurred.

CARTER, J.—I concur in the views expressed in the opinion prepared by Mr. Justice Traynor. In *Priestly* v. *Superior Court, ante,* p. 812 [330 P.2d 39] I have expressed my views somewhat at length on the right of a defendant in a criminal case to cross-examine a witness on a material issue.

Defendant contends that the denial of the right of cross-examination in this case was a denial of a constitutional right. In the Priestly case I concluded that in the preliminary hearing the accused was denied a constitutional right of a fair hearing where the magistrate denied him the right of

cross-examination on a disputed factual issue and on which the outcome of the proceedings hinged. The factual issue disputed in the Priestly case was the presence of probable cause for the arrest and search. In this case defendant does not dispute that there was probable cause for the arrest and seizure, but only desires to know the informants' identities to better prepare his defense at the trial. This is precisely what defendant will receive. However, it is readily apparent that the testimony of the police officers relating the information given by the informants is not crucial to the issue of whether there is any competent evidence to hold defendant. It cannot be said, therefore, that the denial of defendant's right of cross-examination amounted to a denial of a fair hearing or to deprivation of his liberty without due process of law.

McCOMB, J.—I concur in the order discharging the alternative writ of prohibition and denying a peremptory writ, for the following reasons:

This is a petition for a writ of prohibition restraining the superior court from trying petitioners on a charge of violating section 11500 of the Health and Safety Code (possession of heroin) and section 11557 of the Health and Safety Code (maintaining a place for the sale of narcotics).

At the preliminary examination police officers testified to being informed by two reliable informants that petitioners were selling narcotics in their apartment. After stripping and searching the informants and removing all articles of their clothing, the officers gave each of them $20 in bills, the serial numbers of which were recorded, and escorted the informants to petitioners' apartment.

The bills were dusted with fluorescent powder invisible to the naked eye. Separately, the informants entered the apartment and in a few minutes returned. They were then searched. The bills were gone, and each had a bindle of heroin.

The officers then waited in front of the apartment door for approximately 10 or 15 minutes. It was opened by petitioner Mitchell, who was immediately placed under arrest. She dropped a package from her hand to the floor, which package contained heroin. In the bedroom they arrested petitioner Flynn. Four bindles were found on his person. Behind one of the dresser drawers the officers found the bills given to the first informant. They did not find those given the second informant. With a black box they observed fluor-

escent powder on both hands of petitioner Mitchell and on the fingertips and shirt of petitioner Flynn. On cross-examination the officers refused to divulge the names of the informant-participants.

Petitioners' sole contention is that they were illegally committed because the magistrate, during the preliminary examination, refused to allow them to ask the prosecuting witnesses the names of the two informant-participants.

Thus the question is presented: *Will a writ of prohibition lie to review the ruling of a committing magistrate upon the admission or exclusion of evidence at a preliminary examination?*

*No.* The rule is settled that the sole province of the writ of prohibition is to arrest proceedings of a tribunal or person exercising judicial functions when acting without or in excess of jurisdiction. (40 Cal.Jur.2d (1958), Prohibition, § 64, p. 226; Code Civ. Proc., § 1102*; *County of Sutter* v. *Superior Court,* 188 Cal. 292, 295 [4] [204 P. 849]; *Rebstock* v. *Superior Court,* 146 Cal. 308, 310 [80 P. 65].)

If the court has jurisdiction over both the crime and the person of the defendant, prohibition is not available to restrain or correct mere errors in procedure, such as rulings upon the admissibility of evidence, since such errors can be corrected on appeal. (*Abelleira* v. *District Court of Appeal,* 17 Cal.2d 280, 287 [109 P.2d 942, 132 A.L.R. 715]; *McGinis* v. *Justice's Court,* 28 Cal.App. 680, 682 [153 P. 728]; *State* ex rel. *Pardeeville Electric Light Co.* v. *Sachtjen,* 245 Wis. 26 [13 N.W.2d 538]; 73 C.J.S. (1951), Prohibition, § 12, p. 70.)

In *Abelleira* v. *District Court of Appeal, supra,* a case involving the question as to the propriety of this court's issuing a writ of prohibition, it was said at page 286:

"1. *'Lack of jurisdiction' as a basis for writ of prohibition.*

"The first inquiry in this case must, of course, be as to the nature and meaning of 'jurisdiction'; and here three possible sources of confusion must be eliminated.

". . . . . . . . . .

"Second is the nature of a writ of prohibition, which never issues to restrain a lower tribunal for committing mere error in deciding a question properly before it. If the lower court

---

*Section 1102 of the Code of Civil Procedure reads: "The writ of prohibition arrests the proceedings of any tribunal, corporation, board, or person exercising judicial functions, when such proceedings are without or in excess of the jurisdiction of such tribunal, corporation, board or person."

has power to make a correct determination of a particular issue, it clearly has power to make an incorrect decision, subject only to appellate review and not to restraint by prohibition. Hence, in examining the authorities, we must conclude that in those situations in which a writ of prohibition was issued, the particular action restrained was one beyond the jurisdiction of the court to take.''

The foregoing statement as applicable to the instant case may be paraphrased as follows:

''A writ of prohibition never issues to restrain a lower tribunal from committing mere error in deciding a question properly before it. The committing magistrate in the present case had power to make a correct determination of the particular issue presented to it. It clearly had power to make an incorrect decision, subject only to appellate review and not to restraint by prohibition. Hence, we must conclude that in this case a writ of prohibition will not issue because the particular action attempted to be restrained was one within the jurisdiction of the committing magistrate.''

To the same effect is the holding of the Supreme Court of Wisconsin in *State* ex rel. *Pardeeville Electric Light Co.* v. *Sachtjen, supra,* where at page 540 the court said: ''Petitioner further contends that certain evidence which it offered on the trial before Judge Hoppmann was improperly excluded, and that if the same testimony were offered again, before the present presiding judge, the court might admit same. *It is not the function of a writ of prohibition to determine the admissibility of evidence on the trial of an action in the circuit court.* At present we are only concerned with the question of the power and jurisdiction of the sitting judge. The merits of the litigation are not before us.'' (Italics added.)

The authority to hear and determine involves the power to decide incorrectly as well as correctly in a given case or controversy within the jurisdiction of the committing magistrate and does not depend upon the regularity of the exercise of that power or upon the rightfulness of the decision there made. A writ of prohibition is not employed as a means of correcting errors of an inferior tribunal on matters of procedure where, as in the instant case, such alleged errors may be reviewed on appeal from an adverse judgment.

If the rule were otherwise, in every ordinary action a defendant whenever he chose could halt the proceeding in the trial court by applying for a writ of prohibition to stop the

ordinary progress of the action toward a judgment until a reviewing tribunal passed upon an intermediate question that had arisen. If such were the rule, reviewing courts would in innumerable cases be converted from appellate courts to nisi prius tribunals.

It is clear that the committing magistrate had jurisdiction over both the crime charged and the persons of petitioners in the present case. It is likewise evident that there was substantial evidence to support the committing magistrate's finding that there was probable cause to believe that petitioners were guilty of the offenses with which they were charged.

Supporting this view is the statement in petitioners' brief: "The defendants did not present a defense other than cross-examination in the preliminary hearing. They were not required so to do and this Honorable Court is aware that not only is it rarely done, but would be a foolhardy thing to do."

Since petitioners' sole contention is directed to an error in procedure, to wit, improper exclusion of evidence, which error under the rule set forth above will not be considered on a petition for a writ of prohibition, the alternative writ is properly discharged and the peremptory writ is correctly denied.

SHENK, J., and SPENCE, J.—We concur in the judgment.