[Civ. No. 23427. Second Dist., Div. Three. Nov. 20, 1958.]

WILLIAM ROY MARKHAM, Petitioner, v. SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent.

Walter L. Kroneberger, Jr., for Petitioner.

William B. McKesson, District Attorney, Lewis Watnick and Robert Lederman, Deputy District Attorneys, for Respondent.

VALLÉE, J.—Proceeding for a writ of prohibition to prevent the trial of a criminal action in which we issued an alternative writ.

Petitioner and one Duarte were held to answer for violation of Health and Safety Code, section 11500, possessing marijuana. An information was filed charging them with that offense. The information was amended to charge them with that offense in count I and to add count II, charging petitioner with giving marijuana to a minor of the age of 14 years in violation of section 11714.

Petitioner's motion to set aside the amended information on the ground he had been committed without reasonable or probable cause in that the evidence presented against him was obtained by an illegal search and seizure was denied.

The evidence at the preliminary hearing showed that Officer Birr of the Redondo Beach Police Department on reporting for duty about 4 p.m. on July 20, 1958 read a note in the log sheet maintained at the police station which recited that an informer had been in the station and had stated that petitioner, Duarte and another person were supposed to be making a trip to Tijuana (sometimes called Tia Juana) to get marijuana and bring it back to Redondo Beach. Birr

testified that, on his inquiry, other officers told him the name of the informer.

About 9:15 p.m., Birr saw petitioner and Duarte get out of their automobile and walk toward the sidewalk. Birr and a shore patrolman, who was with him, stopped petitioner and Duarte, placed them under arrest, and searched their persons and the automobile. Nothing was found on the bodies of the suspects. A brown paper sack containing marijuana was found in the glove compartment of the automobile.

On cross-examination Birr testified he had neither an arrest nor a search warrant; he had not seen or made any surveillance of the suspects prior to the arrest and search; the only reason for his action in stopping petitioner and Duarte was because he had read the log sheet at the police station earlier in the day; and neither petitioner nor Duarte gave consent to the search of the vehicle.

During the cross-examination of Birr he was asked to state the name of the informer. The magistrate sustained the prosecution's objection, and denied petitioner disclosure of the name on the ground of privilege. (Code Civ. Proc., § 1881, subd. 5.)

Diana, a 14-year-old girl, was in the automobile with petitioner and Duarte. She testified that as the police approached the car, petitioner handed her some cigarettes, and she put them in her shoe when she saw the officers searching petitioner and Duarte. The officers made no search of her person but took her to the police station and later turned her over to a juvenile officer. She testified further that, while at the station, she gave the cigarettes to an officer named Findlay. The cigarettes contained marijuana.

Findlay testified he received the cigarettes from Diana at the station. He further testified he had a conversation with petitioner on July 21, 1958; petitioner stated that on the previous night he had two marijuana cigarettes in the top pocket of his shirt, and, as he noticed the police approaching, he gave them to Diana.

Petitioner's objection to the introduction of the narcotics in evidence was overruled; and his motion to dismiss the proceeding on the ground of illegal search and seizure was denied.

■ " '[A] "defendant has been held to answer without reasonable or probable cause if his commitment is based entirely on incompetent evidence," . . . and accordingly, in such a case the trial court should grant a motion to set aside

the information (Pen. Code, § 995). . . .' " (*Priestly* v. *Superior Court*, 50 Cal.2d 812, 815 [330 P.2d 39].) ▮ It has long been settled that a court lacks jurisdiction to try a defendant on an information based on no competent evidence. (Witkin, California Evidence, 29, § 19.)

▮ It was error to sustain the prosecution's objection to the question by petitioner's counsel seeking to obtain the name of the informer. (*Priestly* v. *Superior Court, supra,* 812, 815-816; *Mitchell* v. *Superior Court,* 50 Cal.2d 827, 828-830 [330 P.2d 48].) The question is whether the error was prejudicial. We think it was not.

▮ As to count I charging possession of narcotics, if the marijuana seized in the search of the automobile constituted the only evidence that petitioner was in possession of marijuana, the cause would fall within and be governed by *Priestly* v. *Superior Court,* 50 Cal.2d 812, 816, 818-819 [330 P.2d 39]. The officers acted solely on the information from the informer. The communications of the informer were material to the issue of reasonable or probable cause to make the arrest and search, and petitioner should have been permitted to ascertain the identity of the informer or the testimony of the communications struck on proper motion. ▮ If the only evidence of guilt was illegally obtained, petitioner was held without reasonable or probable cause and a peremptory writ of prohibition should issue to prohibit further proceedings. (*Priestly* v. *Superior Court, supra,* 50 Cal.2d 812, 816.) However, there was other competent evidence of possession by petitioner; and the facts fall within and are governed by *Mitchell* v. *Superior Court,* 50 Cal.2d 827 [330 P.2d 48].

The other competent evidence of possession by petitioner consisted of Diana's testimony that petitioner handed her the cigarettes and that she later gave them to Officer Findlay, and the testimony of Officer Findlay that petitioner stated he had two marijuana cigarettes in the top pocket of his shirt at the time when he noticed the police approaching, and that he gave them to Diana.

The two marijuana cigarettes were not the product of any illegal search or seizure; indeed, there was no search or seizure.

Petitioner urges that the obtaining of the two marijuana cigarettes was the illegal fruit of an invalid arrest. There was no evidence that Diana was arrested or that the officers did anything other than to turn her over to the juvenile

authorities; and, more important, as we have said, there was no evidence whatever that the marijuana cigarettes were obtained from Diana by means of an illegal or any search and seizure.

■ "Prohibition does not lie to review rulings of the magistrate on the admissibility of evidence at the preliminary hearing unless the commitment is based entirely on incompetent evidence." (*Mitchell* v. *Superior Court*, 50 Cal.2d 827, 829 [330 P.2d ·48].) Since there was other competent evidence from which it appeared that a public offense had been committed, and that there was probable cause to believe petitioner guilty thereof, prohibition will not lie to prevent the trial of petitioner on count I.

■ As to count II, section 11714 of the Health and Safety Code provides in part that every person is guilty of a felony "who unlawfully ·. . . *gives* . . . any narcotics to a minor." (Emphasis ours.) There was evidence that petitioner gave the two marijuana cigarettes to Diana, and accordingly the district attorney was justified in amending the information to add count II. ■ "The district attorney may file an information charging a different but related or connected offense shown by the evidence taken before the magistrate bearing on the transaction involved in the commitment order. He may not charge an offense in the information which is unrelated to or unconnected with the transaction which was the basis for the commitment order." (*People* v. *Bowman*, 156 Cal.App.2d 784, 802 [320 P.2d 70].) The charge of violation of Health and Safety Code, section 11714, was clearly a related and connected offense shown by the evidence taken before the magistrate bearing on the transaction involved in the commitment order.

■ Petitioner urges that the evidence shows defendant handed the cigarettes to Diana out of fright and in an attempt to avoid being trapped with the narcotics in his possession, and there was no felonious intent shown. That question is one for the trial, and is not germane in this proceeding.

■ Equally devoid of merit in this proceeding is petitioner's further contention that he is charged in one breath with having possession of the marijuana cigarettes; and in the next, with having put the cigarettes out of his possession. Whatever the merit, if any, of this contention, it is not a proper ground for setting aside an information under section 995 of the Penal Code, or for the issuance of a writ of prohibition under section 999a.

The evidence was sufficient to justify the order holding petitioner to answer.

The alternative writ is discharged and a peremptory writ is denied.

Shinn, P. J., and Wood (Parker), J., concurred.