[Civ. No. 27504. Second Dist., Div. Two. July 10, 1963.]

RICHARD JOSEPH HADDAD et al., Petitioners, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; THE PEOPLE, Real Party in Interest.

Stanley Fleishman for Petitioners.

No appearance for Respondent.

William B. McKesson, District Attorney, Harry Wood and Robert J. Lord, Deputy District Attorneys, for Real Party in Interest.

ASHBURN, Acting P. J.—Application for alternative writ of prohibition forbidding trial of the case of *People* v. *Richard Joseph Haddad and John Louis Forti,* No. 273608 in the Los Angeles Superior Court, and arresting any other or further proceedings therein. The charge is conspiracy to violate Penal Code section 311.2, which provides: "Every person who knowingly: sends or causes to be sent, or brings or causes to be brought, into this State for sale or distribution, or in this State prepares, publishes, prints, exhibits, distributes, or offers to distribute, or has in his possession with intent to distribute or to exhibit or offer to distribute, any obscene matter is guilty of a misdemeanor." The trial is set for August 5, 1963.

It is alleged in the petition that on or about November 30, 1962, 21 deputy sheriffs who had no search warrant made a massive raid upon two homes and two business establishments of petitioners, seizing some 200,000 books from the bindery and the garage of petitioners and divers and numerous other items pertaining to a book publishing business; that between 15 and 20 deputy sheriffs worked approximately four hours removing the seized material from the bindery.

The defendants, petitioners herein, objected to admission of the seized articles into evidence at the preliminary hearing upon the ground that they were the fruits of illegal search and seizure; the objections were overruled, the evidence received and said defendants held to answer. In the superior court they made a motion under section 995 Penal Code for an order setting aside the information upon the ground that they had been held to answer without reasonable or probable cause, in that the only evidence introduced by the

prosecution at the preliminary consisted of items which had been obtained through illegal search and seizure. The motion was denied and defendants bring this petition for prohibition pursuant to section 999a, Penal Code.

The record shows that the seized items were not the sole evidence produced by the prosecution. If they were, petitioners might be entitled to the requested writ. (*Badillo* v. *Superior Court*, 46 Cal.2d 269, 271-272 [294 P.2d 23] ; *People* v. *Valenti*, 49 Cal.2d 199, 203 [316 P.2d 633] ; 44 Cal.Jur.2d, § 61, p. 411.) But the information cannot be set aside where it appears that there was competent evidence before the magistrate sufficient, exclusive of the seized items, to establish probable cause. ''The mere fact that some incompetent evidence is received by a grand jury does not authorize the setting aside of an indictment if there is evidence otherwise sufficient to support the indictment. (*People* v. *Nathanson*, 134 Cal.App.2d 43 [284 P.2d 975].)'' (*People* v. *Olf*, 195 Cal. App.2d 97, 102 [15 Cal.Rptr. 390].) See also, *People* v. *Rissman*, 143 Cal.App.2d 488, 495 [299 P.2d 944] ; *Cotton* v. *Superior Court*, 56 Cal.2d 459, 462 [15 Cal.Rptr. 65, 364 P.2d 241]. ''Prohibition does not lie to review rulings of the magistrate on the admissibility of evidence at the preliminary hearing unless the commitment is based entirely on incompetent evidence.'' (*Mitchell* v. *Superior Court*, 50 Cal.2d 827, 829 [330 P.2d 48].) The transcript of the preliminary hearing in this case discloses ample evidence other than the seized items showing reasonable cause for the search and seizure and probable cause for holding petitioners to answer and that evidence appears to be sufficient regardless of the justification for or breadth of the search.

Petition for alternative writ of prohibition denied.

Herndon, J., and Smith, J. pro tem.,* concurred.

Petitioners' application for a hearing by the Supreme Court was denied August 7, 1963.

---

*Assigned by Chairman of Judicial Council.