[Crim. No. 8318.   Second Dist., Div. Three.   Sept. 17, 1963.]

THE PEOPLE, Plaintiff and Respondent, v. TERRELL CONLEY, Defendant and Appellant.

Joseph H. Lewis, under appointment by the District Court of Appeal, for Defendant and Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and S. Clark Moore, Deputy Attorney General, for Plaintiff and Respondent.

SHINN, P. J.—In a jury trial, defendants Otis Lee Drinkard and Terrell Conley, represented by counsel, were found guilty of burglary in first degree. The jury further found that both defendants were armed at the time of the commission of the offense. Conley had admitted five prior convictions. Probation was denied and defendants were sentenced to the state prison. Conley appealed from the judgment in propria persona. His request for counsel having been denied, Conley filed briefs. Subsequent thereto, counsel was appointed by this court to represent Conley on his appeal. Counsel adopted the briefs filed in propria persona by Conley, adding nothing thereto. The appeal of Drinkard was dismissed for failure to file a brief.

On appeal Conley first assigns error in the court's finding him guilty of burglary in the first degree while

armed, although the information had been amended by striking the allegation of "armed" therefrom. The record reveals that appellant pleaded "not guilty" to the original information and denied the prior convictions. Subsequently, he pleaded guilty to burglary of the second degree. Upon motion of the People, the information was amended by striking the allegation of "armed" therefrom. At a later date, but before the introduction of evidence, appellant withdrew his plea of "guilty" and admitted the alleged prior convictions. The People concede that the information was never reamended to include the charge that appellant was "armed" and that he was never rearraigned. However, the record indicates that at the time defendant withdrew his guilty plea to burglary in the second degree his counsel also requested "restoration of the *original* not guilty plea on the Burglary case." The original plea, of course, was to a charge which included the allegation of "armed." Under the circumstances we find appropriate the language in *People* v. *Walker,* 170 Cal.App.2d 159, 164 [338 P.2d 536]: "...we perceive here no violation of defendant's substantial or constitutional right or any prejudice to him because his plea was not entered to the amended charge, for he secured all the advantages of a plea of not guilty regularly entered. The cause proceeded to trial on his plea to the offense alleged in the original information and defendant at all times received the benefit of a plea of not guilty, since the cause was tried as though such a plea had been interposed to the amended information. Defendant's substantial rights suffered no detriment by reason of the failure to repeat the plea. [Citation.] Under these circumstances, we are inclined to treat the failure to make the formal plea as a mere irregularity which in no manner or degree affected or impinged upon defendant's substantial rights. [Citation.] In addition, the record is silent concerning any objection before the lower court interposed by defendant to having the trial proceed without the entry of a new plea. He may not now complain on review where the error is not prejudicial.[Citation.]"

■ The People introduced evidence, without objection by either defendant, that Drinkard was armed at the time of his arrest. This fact was not controverted by either defendant. In its instructions the court defined burglary and the different degrees. It also instructed that the jury must determine whether the defendant was armed during the burglary and whether or not he was armed with a concealed deadly weapon at the time of his arrest as alleged in the information. The

information accused Drinkard, but not Conley, of having been so armed at the time of his arrest. This portion of the instruction was inapplicable to Conley and should have so stated. The jury could not have failed to understand that in order for Conley to be found guilty of burglary of the first degree it would be necessary that it be proved that either he or Drinkard was armed during the burglary. The verdicts were that both defendants were armed during the burglary and that Drinkard was also armed at the time of his arrest.

■ When the issue whether appellant was armed in preparation of the burglary was fully tried and was determined by the jury under appropriate instructions, the failure to reinstate in the information the allegation that appellant was armed resulted in no prejudice. It was a harmless irregularity.

■ Appellant next contends that the trial court erred in admitting into evidence People's exhibits 3 and 4, a crowbar and a hammer, and that there was insufficient other evidence to connect appellant with the crime. ■ First, it is clear that the evidence amply supports the charge. ■ Burglary is committed if a person enters a store with intent to commit theft therein. (Pen. Code, § 459.) ■■ The entry and the intent may be shown by circumstantial evidence, and in reviewing the record, this court must assume in favor of the verdict the existence of every fact which the jury could have reasonably deduced from the evidence. (*People* v. *Michaels,* 193 Cal.App.2d 194, 199 [13 Cal. Rptr. 900].)

■ The record in the instant case discloses that at about 4:30 a.m. on July 15, 1961, two police officers were summoned to a certain building by the action of a silent burglar alarm. Upon arriving there one of the officers went to the rear of the building and saw appellant and his codefendant running. After apprehending them, the officers removed a pistol from the codefendant, Drinkard. Upon inspection of the building the officers found a hole approximately 18 to 20 inches round in the wall of the building, a pawn shop, separating it from the adjacent building. There were numerous television sets, radios, cameras and other articles of merchandise near the hole. The door to the adjacent building was open and there were pry marks on the door and door casing and splinters on the ground. A car, admittedly Drinkard's, was parked near the building. The hammer and crowbar were found in the trunk of the car. They had what appeared to be white plaster dust on them such as would

come from the wall in which the hole was made. Appellant's trousers were similarly marked. Upon questioning by the police officers, the appellant asked, "How did you know we were in there? There wasn't any alarm there." He further stated that they had "cased" this place during the previous week and questioned, "Is there any way that I can take the rap for [Drinkard] ... as I am the one who talked him into doing this?" From the above it is difficult to see how the jury could have arrived at a different decision.

Without citing authority on the particular point appellant urges that, absent a chemical analysis of the substance on People's exhibits 3 and 4, those exhibits should not have been admitted into evidence. Aside from the question of error on this point, and we find none, (see Code Civ. Proc., § 1954), defendants' counsel specifically registered "no objection" to the introduction of such evidence at the trial. The point may not now be raised. (See *People* v. *Kostal*, 123 Cal.App.2d 120, 123 [266 P.2d 205].)

Other questions of prejudicial error in the trial of this case first raised and refuted by the People in their brief, and adopted generally by the appellant in his closing brief, are without merit and need not be discussed separately.

The judgment is affirmed.

Ford, J., and Files, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied November 13, 1963.