[Civ. No. 29900.   Second Dist., Div. Two.   Nov. 22, 1965.]

HOMER REED, Petitioner v. SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; THE PEOPLE, Real Party in Interest.

Charles Murstein for Petitioner.

No appearance for Respondent.

Evelle J. Younger, District Attorney, Harry Wood and Robert Lederman, Deputy District Attorneys, for Real Party in Interest.

KATZ, J. pro tem.*—On August 14, 1965, a police officer observed petitioner and another man inside a store building located in what was described as the disaster or riot area of south Los Angeles. The front windows and door of the building had been broken out, affording easy access to the store, the back door was open, and the interior had recently been burned. The building contained foodstuffs such as are ordinarily found in markets. Most of the shelves and display racks were broken down and merchandise was piled in scattered heaps on the ground, although there were still items on some shelves. When first observed by the officer, petitioner was picking up a cardboard box or taking it from the hands of the other man. He was carrying the box when the officer entered the building and set it down when the officer approached him. Petitioner and the other man were arrested within the building and nothing was removed from the premises by either of them.

Petitioner was charged with burglary and held to answer after a preliminary hearing in the municipal court. By this proceeding in prohibition, he seeks to restrain respondent court from proceeding with his trial, contending that the evidence was insufficient to constitute reasonable or probable cause for his commitment. Petitioner argues that there was no evidence that he entered the building with intent to commit theft, no evidence of ownership of the cardboard box, and no evidence that he did not have permission to enter the premises.

Burglary is the entry into a building with intent to commit theft or any felony. (Pen. Code, § 459.) ▮▮ The corpus delicti of a burglary may be proved by circumstantial evidence (*People* v. *Conley,* 220 Cal.App.2d 296, 299 [33 Cal. Rptr. 866]; *People* v. *Garrow,* 130 Cal.App.2d 75 [278 P.2d 475]), and the intent with which an entry was made is usually inferred from the surrounding circumstances (*People* v. *Cloninger,* 165 Cal.App.2d 86 [331 P.2d 441]; *People* v. *Stewart,* 113 Cal.App.2d 687 [248 P.2d 768]; *People* v. *Fitch,*

---

*Assigned by the Chairman of the Judicial Council.

73 Cal.App.2d 825 [167 P.2d 211]). For example, it has been held that the burglarious intent necessary to sustain a conviction can be inferred from unlawful or forcible entry alone. (*People* v. *Michaels*, 193 Cal.App.2d 194 [13 Cal.Rptr. 900] ; *People* v. *Stewart, supra*; *People* v. *Fitch, supra.*) Among other circumstances from which such an intent has been inferred are the presence within the building of merchandise "of such character as is daily consumed by human beings" (*People* v. *Martone*, 38 Cal.App.2d 392, 394 [101 P.2d 537] ; *People* v. *Michaels, supra*), the moving of merchandise within the building itself (*People* v. *Fitch, supra*), and the lack of an explanation of intent by a person entering a building in an unusual manner or under suspicious circumstances (*People* v. *Soto*, 53 Cal. 415 ; *People* v. *Martone, supra.*)

▉ In the present case, it is not suggested that petitioner forcibly broke into the building. The building apparently had been previously broken into and set afire by other persons. However, petitioner's presence in such a building, his entry therein at a time when the store was obviously not open for business, the presence in the building of merchandise of the type described, the lack of explanation for petitioner's presence, and his conduct with relation to the cardboard box were circumstances from which the magistrate could properly infer that petitioner entered with intent to commit petty theft. ▉ The evidence which will justify a prosecution need not be sufficient to support a conviction. (*Lorenson* v. *Superior Court*, 35 Cal.2d 49, 56 [216 P.2d 859].) It need only show "such a state of facts as would lead a man of ordinary caution or prudence to believe and conscientiously entertain a strong suspicion" that a crime has been committed and that the defendant is guilty. (*Rogers* v. *Superior Court*, 46 Cal.2d 3, 7-8 [291 P.2d 929] ; *Garabedian* v. *Superior Court*, 59 Cal.2d 124, 126-127 [28 Cal.Rptr. 318, 378 P.2d 590].) The fact that neither petitioner nor the other man seen in the market actually took anything is not controlling. (*People* v. *Garrow, supra*, 130 Cal.App.2d 75, 84; *People* v. *Winters*, 93 Cal. 277 [28 P. 946] ; *People* v. *Soto, supra.*) ▉ The absence of a direct showing that petitioner had no permission to enter the building, a showing which is usually made in cases of this nature, does not bar prosecution since lack of permission may be inferred from the surrounding circumstances (*People* v. *DeSoto*, 33 Cal. App.2d 478 [92 P.2d 466]), and it is the intent with which the entry was made and not the fact that entry was un-

324

invited which determines whether the offense of burglary was committed.

The alternative writ is discharged and the petition is denied.

Herndon, Acting P. J., and Fleming, J., concurred.