[Crim. No. 44308. Second Dist., Div. Seven. May 21, 1984.]

THE PEOPLE, Plaintiff and Appellant, v.
BRUCE PATRICK HANEY, Defendant and Respondent.

**COUNSEL**

Robert H. Philibosian, District Attorney, Harry B. Sondheim and Donald J. Kaplan, Deputy District Attorneys, for Plaintiff and Appellant.

Wilbur F. Littlefield, Public Defender, Laurence M. Sarnoff, Howard Waco and Ronald B. Davey, Deputy Public Defenders, for Defendant and Respondent.

---

## OPINION

**THOMPSON, Acting P. J.**—This appeal involves the proper interpretation of a 1981 amendment to Penal Code section 872.[1] Subdivisions (b) and (c) of that statute allow the prosecutor, in certain instances, to use statements under penalty of perjury at the preliminary hearing, in lieu of the live testimony of a witness. However, subdivision (c) further provides: "If the defendant makes *reasonable efforts to secure the attendance of the witness but is unsuccessful . . .* the court shall grant a short continuance at the request of the defendant and shall require the prosecuting attorney to present the witness for cross-examination." (Italics added.)

At issue is whether defendant's efforts in this case were sufficient to compel the People to produce the witness, the alleged victim of the crime. We hold, under the circumstances of this case, the magistrate could properly find that defendant's phone calls did not constitute "reasonable efforts to secure the attendance of the witness."

---

[1]Unless otherwise indicated, all statutory references are to the Penal Code.

Section 872 provides in pertinent part: "(b) The finding of sufficient cause may be based in whole or in part upon hearsay evidence in the form of written statements of witnesses in lieu of testimony. At the time the defendant appears before the magistrate for arraignment, the prosecuting attorney may file with the court, and furnish a copy to the defendant, a statement made under penalty of perjury of the testimony of any witness which the prosecution wishes to introduce into evidence at the examination in lieu of the testimony of the witness. The statement shall be considered as evidence in the examination. This subdivision shall not apply if the witness is a victim of a crime against his or her person, or the testimony of the witness includes eyewitness identification of a defendant, or the prosecuting attorney has not filed with the court and furnished a copy to the defendant the statement of the testimony of the witness at the time of the arraignment or at least 10 court days prior to the date set for the preliminary hearing. For the purposes of this section an 'eyewitness' is any person who sees the perpetrator during the commission of the crime charged, whether or not he or she can identify the perpetrator.

"(c) Nothing in this section shall limit the right of the defendant to call any witness for examination at the preliminary hearing. If the witness called by the defendant is one whose statement of testimony was offered by the prosecuting attorney as provided in subdivision (b), the defendant shall have the right to cross-examine the witness as to all matters asserted in the statement. If the defendant makes reasonable efforts to secure the attendance of the witness but is unsuccessful in securing his or her attendance, the court shall grant a short continuance at the request of the defendant and shall require the prosecuting attorney to present the witness for cross-examination. If the prosecuting attorney fails to present the witness for cross-examination, the statement of the testimony of the witness shall not be considered as evidence in the examination."

The constitutionality of the amendment is not at issue on this appeal.

*Statement of Facts and Proceedings Below*

At the time of defendant's arraignment on December 23, 1982, the People, pursuant to section 872, filed an affidavit by the victim of the charged burglary. The affidavit contained the victim's address.[2]

At the preliminary hearing on January 7, the People asked the court to receive into evidence the affidavit in lieu of the complaining witness' personal appearance. Defense counsel objected, stating the defense wished to have all witnesses present at the preliminary hearing and he himself had tried without success to get ahold of the witness.

The magistrate then reviewed the provisions of section 872 and stated: "[I]t's apparent that the People have done their share . . . . [a]nd the defendant has not taken advantage of any of the . . . opportunities stated in this section to be available to him to summon the witness personally for cross-examin[ation]."

Defense counsel responded that he had "personally dialed on several occasions the telephone number provided . . . in the arrest reports and . . . was unable to contact the victim"; he believed those were "reasonable step[s] and the only steps necessary"; and "the burden [was] now on the People to present that witness for the purpose of cross-examin[ation]." Counsel also stated that the defense had notified the prosecution of its objection to the use of statements at arraignment and was reiterating its objection to the procedure.

The magistrate responded: "[T]here is just no way I can go along with you . . . based upon the statement you just presented to the Court. I will have to overrule your objection and consider the statement as the section provides."

The magistrate then heard a portion of the testimony of one prosecuting witness and subsequently continued the preliminary examination from Friday afternoon, January 7, to Monday morning, January 10.

After the People rested on Monday, defense counsel renewed his objection to the use of the complaining witness' affidavit, stating: "As I indicated

---

[2]As requested by the People, we take judicial notice (Evid. Code, §§ 452, subd. (d); 459) of the affidavit which is part of the records of the municipal court. In that affidavit, in addition to giving her address, declarant stated that on October 12, 1982, she and her husband left for work, secured the premises, and gave no one permission to enter the apartment or remove a front window screen. She further stated that she is missing over $1,000 worth of items from her residence.

originally, we objected to it at the time my client was remanded in municipal court. [¶] I tried to contact the victim on several occasions and was unable to do so. We called the District Attorney's office last week and said we would object to this type of procedure under that Penal Code section. [¶] We hereby request . . . a continuance of [the] preliminary hearing for the purpose of having the People bring forth the alleged victim so that he or she can be cross-examined by counsel. . . ."

In response to the court's request for the People's position, the prosecutor replied: "I believe that the People . . . complied with [section] 872 and that the actions stated by counsel are insufficient to place that in issue. [¶] The objection at the time of arraignment does not seem to be appropriate."

The magistrate denied the defense request to compel the People to present the witness for cross-examination. Defense counsel's subsequent motion to dismiss the complaint was also denied and defendant was held to answer.

Thereafter, defendant moved the superior court to dismiss the information (§ 995) on the basis of the magistrate's failure to require the People to produce the witness. Defense counsel described his efforts to contact the witness, indicating that he made at least three uncompleted telephone calls to the number the prosecution had given him and informed the prosecutor in advance of his objections to the procedure.

The superior court then granted the section 995 motion, stating, "the People can refile it" and "will have the opportunity to resubpoena the victim and have the victim available." Following the dismissal, the People appealed. (§ 1238, subd. (a)(1).)

## Discussion

The sole issue on this appeal is whether the magistrate abused her discretion in finding that defendant had not exercised "reasonable efforts to secure the attendance of the witness" within the meaning of section 872.

The People in their briefs claim the phrase "reasonable efforts" should be construed as requiring in every case, as a minimum, a showing that the defense attempted to subpoena a witness.[3] We reject such an inflexible, constrictive interpretation as unwarranted by language or legislative history.

---

[3]At oral argument, the People apparently modified the automatic application of this claim and took the position that it depended upon the facts of the case.

■ Where the principal problem of construction concerns the meaning of words used in the statute, a court must first look to the words themselves and must interpret them according to the usual import of the language employed in framing them. (See *People* ex rel. *Younger* v. *Superior Court* (1976) 16 Cal.3d 30, 40 [127 Cal.Rptr. 122, 544 P.2d 1322].) In construing a statute, a court cannot insert qualifying provisions not included or rewrite the statute to conform to an assumed intention which does not appear from its language. (*McLaughlin* v. *Superior Court* (1983) 140 Cal.App.3d 473, 482 [189 Cal.Rptr. 479].)

■ If the Legislature intended to require use of the subpoena process, it could easily have said so. For example, in Evidence Code section 240, governing unavailability of a witness for use of prior testimony, the Legislature specifically spoke in terms of "reasonable diligence" to compel a witness' "attendance by the court's process." Since the Legislature did not similarly qualify efforts to secure attendance in this statute, we must presume it did not intend to require "compulsory process." Rather, we believe the Legislature intended to accept voluntary efforts to secure the witness' presence.

There is no need to impose such a rigid subpoena rule in the guise of construction. The statutory language as it stands is clear. ■ Moreover, when language in a penal statute is susceptible to different interpretations, the construction more favorable to a defendant should be adopted. (*People* v. *Boyd* (1979) 24 Cal.3d 285, 294-295 [155 Cal.Rptr. 367, 594 P.2d 484].)

■ Courts regularly determine what is "reasonable" on a case-by-case basis. Thus, for example, in the area of informant discovery, where the prosecution must show that it has made "reasonable efforts" to maintain contact with the informant, "what constitutes reasonable efforts will vary depending on the circumstances of each case." (*Twiggs* v. *Superior Court* (1983) 34 Cal.3d 360, 366 [194 Cal.Rptr. 152, 667 P.2d 1165]; *Eleazer* v. *Superior Court* (1970) 1 Cal.3d 847, 853, fn. 10 [83 Cal.Rptr. 586, 464 P.2d 42].) Similarly, in cases involving "reasonable" or "due diligence" to establish unavailability of a witness (Evid. Code, § 240), courts have held that whether due diligence has been shown is a factual question to be determined according to the circumstances of each individual case. (*People* v. *Enriquez* (1977) 19 Cal.3d 221, 235 [137 Cal.Rptr. 171, 561 P.2d 261, 3 A.L.R.4th 73]; *People* v. *Linder* (1971) 5 Cal.3d 342, 346 [96 Cal.Rptr. 26, 486 P.2d 1226].) Indeed, in cases of due diligence, even though Evidence Code section 240 speaks of compelling attendance by the court's process, the total efforts of the proponent must be taken into consideration by the court. Rather than just imposing a rigid pro forma subpoena requirement, courts have considered such matters as whether the witness was not

subpoenaed because the proponent did not know where the witness might be found (*People* v. *Linder, id.,* at p. 347, fn. 1; *People* v. *Forgason* (1979) 99 Cal.App.3d 356, 364 [160 Cal.Rptr. 263]; Jefferson, 1 Cal. Evidence Benchbook (2d ed. 1982) § 2.5, p. 144), or reasonably believed the witness would appear voluntarily (*People* v. *Linder, supra,* 5 Cal.3d at p. 347; *People* v. *Banks* (1966) 242 Cal.App.2d 373, 377 [51 Cal.Rptr. 398]).

Nor does the legislative history compel the adoption of an inflexible rule. The Senate Judiciary Committee's analysis of the proposed amendment did refer to the concerns of the State Public Defenders' Association about "the option of allowing defense attorneys to subpoena prosecution witnesses" (see Sen. Judiciary Com. Rep. on Assem. Bill No. 1016 (1981-1982 Reg. Sess.), p. 10). But there is no mention of an affirmative subpoena requirement in the language of any of the successive versions of the bill or in any of the Legislative Counsel Digests.

To adopt a "subpoena" rule might well prove unworkable and undesirable. Depending on the circumstances, efforts to secure the witness' voluntary attendance by phone calls may be the most expeditious and reasonable approach. Moreover, in view of the time constraints surrounding the typical preliminary examination (see, e.g., § 859b.) and service of subpoenas, public defenders' offices might decide to respond by issuing such subpoenas routinely, as soon as section 872 affidavits were filed, thereby defeating the purpose of the statute.

Accordingly, the proper approach is to recognize that the phrase "reasonable efforts to secure attendance of the witness" is incapable of a mechanical definition. (Cf. *People* v. *Linder, supra,* 5 Cal.3d at pp. 346-347.) What constitutes "reasonable efforts" to secure the attendance of the witness is a factual question which will necessarily vary according to the circumstances of each case. Unless there has been an abuse of discretion, the ruling of the magistrate will not be disturbed. (Cf. *People* v. *Enriquez, supra,* 19 Cal.3d at p. 235.)

■ Applying this standard, the magistrate did not abuse her discretion in denying the defense motion to require the People to produce the witness. Under the particular circumstances of this case, the magistrate was justified in concluding that defendant had not met his burden to show "reasonable efforts" by a mere claim of "several" (or "at least three") unsuccessful attempts to telephone the witness on unspecified occasions. In addition to having the phone number, defendant had been served with the affidavit containing the witness' address 10 days before the preliminary hearing began and 13 days before it ended.

We believe that the wide disparity in the abilities of the prosecution and the defense to obtain the witness' attendance must be taken into account. (*People* v. *Linder, supra,* 5 Cal.3d at p. 348; *People* v. *Randle* (1982) 130 Cal.App.3d 286, 296 [181 Cal.Rptr. 745]; *People* v. *Forgason, supra,* 99 Cal.App.3d at p. 362.) The prosecution has greater investigatory resources, superior knowledge and more frequent contacts with its own witnesses. (*Twiggs* v. *Superior Court, supra,* 34 Cal.3d at pp. 365-366.) ▉ Furthermore, since in California the preliminary hearing is a critical stage of the criminal process (see *Hawkins* v. *Superior Court* (1978) 22 Cal.3d 584, 587-588 [150 Cal.Rptr. 435, 586 P.2d 916]) and the right of cross-examination at the hearing is a fundamental right (see *Jennings* v. *Superior Court* (1967) 66 Cal.2d 867, 875 [59 Cal.Rptr. 440, 428 P.2d 304]; *Gallaher* v. *Superior Court* (1980) 103 Cal.App.3d 666, 671 [162 Cal.Rptr. 389]), close questions on whether the defense has shown "reasonable efforts" should be resolved in favor of having the People produce the witness in court.[4]

We can conceive of situations where a single phone call might constitute "reasonable efforts" within the meaning of section 872. For example, one phone call resulting in credible information that the witness was away on vacation might suffice. But, under the facts herein, the magistrate could properly find that an unspecified claim of some unanswered phone calls was not enough.

It is irrelevant that defendant voiced his objection to the procedure provided in section 872. "Reasonable efforts" are measured by the specific actions taken by the defendant to obtain the witness' presence, not by whether defense counsel voiced disapproval of the statute.[5]

---

[4]Defendant suggests that a magistrate who finds defendant has not met his burden to show "reasonable efforts" should be encouraged to offer the defense the option of seeking a continuance to renew its efforts to obtain the witness. In view of the important right to confrontation which may be implicated by the statute, we do encourage magistrates to view liberally any requests for continuance of the preliminary hearing to allow defendant to make further attempts to secure the witness' attendance. " 'While the determination of whether in any given case a continuance should be granted "normally rests in the discretion of the trial court" [citation], that discretion may not be exercised in such a manner as to deprive the defendant of a reasonable opportunity to prepare his defense.' " (*Jennings* v. *Superior Court, supra,* 66 Cal.2d at pp. 875-876.) We however decline to impose on magistrates a sua sponte requirement to offer defendants a continuance. Even where a defendant has made "reasonable efforts," the statute requires the defendant to request a continuance to compel the People to produce the witness. Though defendant herein requested a continuance to force the People to secure the witness' attendance, he never requested a continuance to make such efforts himself.

[5]Indeed, the legislative history of Assembly Bill No. 1016 indicates the Legislature's intent not to allow objections to count as reasonable efforts. The bill as originally introduced provided that an objection by the defendant would trigger discretion by the magistrate to order the witness to personally appear. (Assem. Bill No. 1016 (1981-1982 Reg. Sess.) Mar. 16, 1981.) But this provision was subsequently deleted. (Assem. Amend. to Assem. Bill No. 1016, *supra,* May 27, 1981.)

Accordingly, the order of the superior court setting aside the information is reversed.

Johnson, J., and Pickard, J.,* concurred.

---

*Assigned by the Chairperson of the Judicial Council.