[S.F. No. 24947. Dec. 11, 1986.]

JOHNNIE MILLS, Petitioner, v.
THE SUPERIOR COURT OF THE CITY AND COUNTY OF
SAN FRANCISCO, Respondent;
THE PEOPLE, Real Party in Interest.

**COUNSEL**

Jeff Brown, Public Defender, Peter G. Keane, Chief Deputy Public Defender, Mark Nissenbaum and Grace Lidia Suarez, Deputy Public Defenders, for Petitioner.

No appearance for Respondent.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, Ronald E. Niver, Ann K. Jensen, Donna Chew and Herbert F. Wilkinson, Deputy Attorneys General, for Real Party in Interest.

Edwin L. Miller, Jr., District Attorney (San Diego), Peter C. Lehman and Paul M. Morley, Deputy District Attorneys, as Amici Curiae on behalf of Real Party in Interest.

**OPINION**

**MOSK, J.**—We granted review in this case to determine the constitutionality of Penal Code section 872, subdivisions (b) and (c), which authorize the admission at preliminary hearings of written statements in lieu of testimony of any witness who is not an eyewitness to or a victim of a crime against his person.[1] Under the statute, a finding of probable cause may be based

[1]The relevant provisions of section 872 are as follows: "(b) The finding of sufficient cause may be based in whole or in part upon hearsay evidence in the form of written statements of witnesses in lieu of testimony. . . . The statement shall be considered as evidence in the examination. This subdivision shall not apply if the witness is a victim of a crime against his or her person, or the testimony of the witness includes eyewitness identification of a defendant, or the prosecuting attorney has not filed with the court and furnished a copy to the defendant the statement of the testimony of the witness at the time of the arraignment or at least 10 court days prior to the date set for the preliminary hearing. . . .

"(c) Nothing in this section shall limit the right of the defendant to call any witness for examination at the preliminary hearing. If the witness called by the defendant is one whose

in whole or in part on such hearsay evidence unless the accused initiates "reasonable efforts" to secure the attendance of the witness.

Defendant's efforts in this regard were limited to a telephone call to the prosecuting attorney demanding the presence of the witness at the preliminary hearing for cross-examination. He now contends his rights to confrontation and due process were infringed when the magistrate accepted as evidence the hearsay affidavit of the owner of the vehicle he allegedly burglarized. ▮ We hold that an accused cannot, consistently with his constitutional rights at the preliminary hearing, be required to produce the prosecution's witnesses against him—in effect, his own accusers—or forfeit the opportunity to cross-examine them. Nevertheless, because there was sufficient evidence apart from the affidavit to support the magistrate's finding of probable cause in the present case, we conclude the error was harmless and that defendant's petition for writ of prohibition should be denied.

At the preliminary hearing a police officer testified that while patrolling on an "auto boosting" detail he and a fellow officer observed defendant "checking out" cars in a suspicious manner and followed him as he wandered through two parking lots. Defendant eventually approached a parked van with Montana license plates in a motel lot and, as the officer watched at a distance of 35 feet, "work[ed] on the wing window" on the passenger side of the van, pushed it open, and reached in to unlock the door. Although he entered empty-handed, defendant emerged from the van carrying a leather case and a brown paper bag containing items of personal property. He was arrested moments later; the only tool on his person was a knife.

At this point the prosecution asked the officer to identify a document as the affidavit prepared by the van's owner at the scene on the night of the alleged burglary.[2] After the officer identified the exhibit, the prosecution offered it into evidence. Defendant objected, arguing that its admission in lieu of testimony would deprive him of due process, and that his demand to the prosecutor before the hearing that the witness be produced for cross-

statement of testimony was offered by the prosecuting attorney as provided in subdivision (b), the defendant shall have the right to cross-examine the witness as to all matters asserted in the statement. If the defendant makes reasonable efforts to secure the attendance of the witness but is unsuccessful in securing his or her attendance, the court shall grant a short continuance at the request of the defendant and shall require the prosecuting attorney to present the witness for cross-examination. If the prosecuting attorney fails to present the witness for cross-examination, the statement of the testimony of the witness shall not be considered as evidence in the examination."

Unless otherwise stated, all statutory references hereinafter are to the Penal Code.

[2]The parties have omitted to provide us with a copy of the affidavit. We infer from the briefs, however, that it consists of a preprinted form with blanks to be filled in by the witness, specifying if the vehicle was secured, if permission was granted for entry, and if there was damage to the car or contents missing.

examination shifted the burden of production to the People under section 872, subdivision (c). He asked for a short continuance, and urged that the court compel the prosecution to bring the witness to the hearing for cross-examination or forego use of the affidavit.

The prosecutor stipulated to the fact of the telephone call from defense counsel, but disputed that a simple call could constitute "reasonable efforts" by defendant to secure the attendance of the witness: defense counsel should at least have telephoned the witness in Montana "to see if the victim would be willing to come to court without a subpoena." The prosecutor also insisted that defendant misspoke in referring to the affiant as the prosecution's witness, arguing that its "witness is the statement which has been offered by the People," and that if defendant desired cross-examination he was required to call the van owner as his own witness.

Defendant countered that he is entitled to cross-examine the owner as the prosecution's witness: it would be "the ultimate violation of due process to require the production—that Mr. Mills produce the accuser against him." The written statement, he argued, is no substitute for a live witness: he could not cross-examine an affidavit.

The magistrate ruled section 872 constitutional on its face and determined that defendant's telephone call to the prosecutor could not as a matter of law be considered "reasonable efforts" under subdivision (c). He therefore ruled the affidavit admissible to show probable cause and held defendant to answer on a charge of auto burglary. (§ 459.)

Defendant entered a plea of not guilty at his subsequent arraignment and moved to set aside the information. (§ 995.) The motion was denied. Defendant sought a writ of prohibition from the Court of Appeal (§ 999a), which summarily denied relief. We granted review and issued an alternative writ of prohibition.

I

▇▇ We have long recognized the critical importance of the preliminary hearing as a mechanism to weed out groundless claims and thereby avoid for both defendants and the People the imposition and expense of an unnecessary criminal trial: "Many an unjustifiable prosecution is stopped at that point, where the lack of probable cause is clearly disclosed." (*Jaffe* v. *Stone* (1941) 18 Cal.2d 146, 150 [114 P.2d 335]; *People* v. *Elliot* (1960) 54 Cal.2d 498, 504 [6 Cal.Rptr. 753, 354 P.2d 225].) ▇▇ To effectuate this purpose, we have repeatedly held that the defendant must be permitted to cross-examine prosecution witnesses at the preliminary hearing in order

to overcome the evidence offered to establish probable cause. (*Jennings* v. *Superior Court* (1967) 66 Cal.2d 867, 880 [59 Cal.Rptr. 440, 428 P.2d 304]; *Johnson* v. *Superior Court* (1975) 15 Cal.3d 248, 256 [124 Cal.Rptr. 32, 539 P.2d 792], conc. opn. by Mosk, J.; *Hawkins* v. *Superior Court* (1978) 22 Cal.3d 584, 587 [150 Cal.Rptr. 435, 586 P.2d 916].)

In *Jennings* we acknowledged that the opportunity of an accused to confront witnesses is a fundamental procedural right at the preliminary hearing as it is at trial; the preliminary hearing "'carefully considers and guards the substantial interest of the prisoner' and thus constitutes due process of law." (66 Cal.2d at p. 875.) ▮ Only by preserving the adversarial character of the preliminary hearing can we enable the magistrate responsibly to "weigh the evidence, resolve conflicts and give or withhold credence to particular witnesses." (*Jones* v. *Superior Court* (1971) 4 Cal.3d 660, 667 [94 Cal.Rptr. 289, 483 P.2d 1241]; see also *Gallaher* v. *Superior Court* (1980) 103 Cal.App.3d 666, 671 [162 Cal.Rptr. 389].) We must therefore subject to careful scrutiny any legislation restricting the ability of defendants to cross-examine witnesses whose testimony is offered as evidence of probable cause.

▮ At the same time, we are mindful that it is our duty to uphold a statute unless its unconstitutionality clearly, positively, and unmistakably appears; all presumptions and intendments favor its validity. (*Pryor* v. *Municipal Court* (1979) 25 Cal.3d 238, 253-255 [158 Cal.Rptr. 330, 599 P.2d 636]; *Moyer* v. *Workmen's Comp. Appeals Bd.* (1973) 10 Cal.3d 222, 229-230 [110 Cal.Rptr. 144, 514 P.2d 1224].) We may not, however, insert qualifying provisions not included or rewrite the statute to conform to an inferred intention that does not appear from its language. (See *Solberg* v. *Superior Court* (1977) 19 Cal.3d 182, 198 [137 Cal.Rptr. 460, 561 P.2d 1148]; *People* v. *One 1940 Ford V-8 Coupe* (1950) 36 Cal.2d 471, 475 [224 P.2d 677]; *People* v. *Haney* (1984) 156 Cal.App.3d 109, 115 [202 Cal.Rptr. 579].)

The question before us, therefore, is whether section 872 inherently and inevitably places an unconstitutional burden on the rights of a defendant at a preliminary hearing. As will appear, our inquiry is two-fold, turning on our definition of what constitutes "reasonable efforts" to secure the attendance of a witness within the meaning of the statute, and our determination whether imposing such a requirement on the defendant comports with due process.

## II

By its terms (fn. 1, *ante*), the statute does not actually preclude a defendant from exercising his confrontation right; it does, however, qualify that right

by requiring him first to take affirmative measures to safeguard his opportunity to cross-examine such affiants. If the defendant undertakes "reasonable efforts" to secure the presence of the witness, his ordinary right to confrontation is assured: the prosecution must then produce the witness or forfeit use of the affidavit testimony. The key question, then, is whether the requirement of "reasonable efforts" itself necessarily imposes an excessive burden, infringing on the due process rights of the defendant.

Two recent cases have concluded that it does not, but both have treated the requirement to be satisfied by a simple telephone call. In *People* v. *Haney* (1984) 156 Cal.App.3d 109, 117 [202 Cal.Rptr. 579], the court commented, "For example, one phone call resulting in credible information that the witness was away on vacation might suffice." Similarly, in *People* v. *Harris* (1985) 165 Cal.App.3d 1246 [212 Cal.Rptr. 216], while expressing concern that "'reasonable efforts' might be construed in a manner which may impinge upon due process" (*id.* at p. 1266), the court observed, "There is . . . nothing which leads us to believe that a telephone call from the defense would not be all that is required to have the prosecutor produce the declarant at the preliminary examination." (*Id.* at p. 1265.)

In the present case, defendant has undertaken the minimal effort described in *Harris*, but the People insist that a telephone call to the prosecution is inadequate as a matter of law to trigger its obligation to present the witness and that something more, at least an attempt to contact the witness and bring him voluntarily into court, is required. We agree with the People that a simple objection communicated to the prosecution is insufficient to satisfy the requirements of the statute. ▮ But because the "reasonable efforts" must be more than a mere telephone call, we hold that the requirement is too burdensome and that the statute unduly strains defendant's rights under article I, section 15, of the California Constitution.

▮ Although what is "reasonable" must be determined in light of the totality of the circumstances of each particular case, the prerequisite of "reasonable efforts" necessarily creates a substantial burden for a defendant seeking to cross-examine an adverse witness: if his efforts are to be meaningful, they must be comparable to the "reasonable diligence" to compel attendance that a proponent must undertake before his witness will be accounted "unavailable" under Evidence Code section 240. Neither the ordinary meaning of "reasonable efforts" nor the legislative history of the provision permits any other conclusion.

For one thing, an objection voiced *to the prosecution* would be ineffective by the terms of section 872, subdivision (c), and therefore not reasonably calculated to secure the witness's presence: the prosecution is obliged to

produce the witness only if the court, not the accused, so demands. Although the provision, unlike Evidence Code section 240, does not explicitly require "court's process," a reasonable effort would under appropriate circumstances require recourse to subpoena: an adverse witness, particularly a victim, might well refuse to appear voluntarily to be subjected to cross-examination by the defense. Even if we omit the subpoena process as too costly for indigent defendants or as unworkable under the time constraints of the preliminary hearing process, "reasonable efforts" must at a minimum involve diligent attempts to contact the witness personally and urge him to comply with the defendant's request that he appear in court for cross-examination.

Moreover, the history of section 872 indicates the Legislature did not intend to allow mere objection to constitute reasonable efforts. As originally introduced, the measure provided that the written statement would be considered admissible evidence unless the defendant filed an objection with the court, upon which the magistrate could at his discretion order the affiant to appear personally for cross-examination. (Assem. Bill No. 1016 (1981-1982 Reg. Sess.) Mar. 16, 1981.) That proposal was later withdrawn and the higher "reasonable efforts" requirement instituted instead. (See *People* v. *Haney, supra,* 156 Cal.App.3d 109, 117, fn. 5.)

Finally, reducing "reasonable efforts" to mere objection would emasculate the statute and render it superfluous, since a prosecutor could accomplish the same result of substituting an affidavit for a live witness by asking the defense to stipulate to undisputed testimony. In sum, as Justice Haning concluded in his dissent in *Harris*, "the statute is unconstitutional on its face unless we judicially rewrite it, and that we are not permitted to do." (*People* v. *Harris, supra,* 165 Cal.App.3d at p. 1270 (dis. opn. by Haning, J.).)

 We conclude that the statute must fall because requiring "reasonable efforts" under any plausible understanding of that burden contravenes the due process rights of the defendant at a preliminary hearing. The statute improperly lightens the prosecution's task of establishing probable cause: it allows sometimes critical hearsay testimony to be admitted without affording the defendant his constitutional right to cross-examine the declarant unless he initiates diligent actions to produce his own accuser. In no other instance is the prosecution permitted to introduce the testimony by affidavit of an alleged victim if the victim is alive and available to appear for cross-examination.

The People point to no compelling policy justifying a requirement that the defense locate and attempt to secure the attendance of a prosecution

witness. They assert that the purpose of legislation was to promote the convenience of witnesses who might otherwise be forced to appear twice to offer the same testimony—first at the preliminary hearing and again at trial—even if their testimony was indisputable or pro forma. At the same time, the use of hearsay statements on issues not essential to a probable cause finding would streamline the preliminary hearing process.

Whatever laudable intent the statute may have, however, its sweep is broad. It does not limit the use of hearsay affidavits to cases in which the testimony is merely peripheral or supererogatory. Although the affidavit of a disinterested criminalist or expert witness falls within the statute, so does the critical testimony of a victim of burglary or theft. Under the statute, any witness at all, except an eyewitness or the victim of a crime against the person, can be asked to submit an affidavit in lieu of testimony; indeed, such witnesses may be required to do no more, as here, than fill in the blanks in preprinted forms narrowly tailored to prosecution purposes. Moreover, because the prosecution's burden is only to show probable cause, such an affidavit is more likely to be used when the evidence is essential to establishing an element of the crime than when the evidence is collateral or redundant or bears on a minor detail; the latter is uncommon at preliminary hearings.

 In cases of illegal entry of vehicles, the question whether an owner secured doors and windows may mean the difference between misdemeanor and felony charges. (Compare § 459 [auto burglary] with Veh. Code, § 10852 [auto tampering].) In this instance defendant could have been held to answer for the felony of auto burglary on the strength of the officer's eyewitness testimony alone. In many auto burglaries, however, a finding of probable cause may turn on the owner's testimony as to whether he rolled up the windows and locked the doors. Certainly at trial, an affidavit by the owner would be inadmissible unless it fell within a recognized exception to the hearsay rule, and the burden of producing an available witness whose testimony is crucial to the prosecution could not be imposed on the accused. (See *In re Winship* (1970) 397 U.S. 358 [25 L.Ed.2d 368, 90 S.Ct. 1068]; *Pointer* v. *Texas* (1965) 380 U.S. 400 [13 L.Ed.2d 923, 85 S.Ct. 1065].) Indeed, if a witness whose sworn affidavit was introduced under section 872 died before trial or became otherwise unavailable under Evidence Code section 240, his written statement would be inadmissible at trial precisely because it was not subjected to the rigorous testing of cross-examination at the preliminary hearing. If the preliminary hearing is to discharge its function as a careful screening mechanism for trial, it follows that such a hearsay affidavit must be inadmissible at the preliminary hearing as well.

We do not suggest that a victim whose testimony is unnecessary must always be made to appear before the magistrate, or that the preliminary hearing must assume the dimensions of a trial. Corroborative or nonessential evidence that may be introduced at trial to bolster a showing of guilt beyond a reasonable doubt will generally be unnecessary to establish sufficient cause. If, as in the present case, there is ample circumstantial evidence to establish probable cause as to a critical element, the prosecution may elect not to inconvenience a witness by calling him to appear at the preliminary hearing.

## III

Although we conclude that the magistrate erred in admitting the hearsay affidavit of the victim-witness in the present case, there remained ample independently sufficient evidence apart from the affidavit to support the ruling holding the defendant to answer for auto burglary. The eyewitness testimony of the officer firmly established probable cause. The officer observed defendant as he wandered through parking lots examining vehicles in a suspicious manner. He watched as defendant forced open a wing window, reached in, and unlocked the door of the van. And he apprehended defendant as he emerged from the van carrying items of personal property.

The testimony of the owner of the van was not essential under these circumstances. Even at trial "The law does not require that a conviction may be had only on the testimony of the immediate victims who are often dead, absent from the jurisdiction, or unknown to the police." (*People* v. *Twiggs* (1963) 223 Cal.App.2d 455, 461 [35 Cal.Rptr. 859].) In *Twiggs,* it was sufficient for a conviction that a police officer could testify he witnessed the defendant committing an act of grand theft from a person. In the present case, defendant insists that unless the owner testifies in open court that he actually locked the doors of his vehicle, the magistrate may not find probable cause to hold him to answer. The argument is unpersuasive. It is improbable that an individual contemplating theft would force open a window and unlock a door if the car were unsecured. Just as intent and lack of permission to enter may be inferred from the circumstances surrounding entry into a vehicle (*Reed* v. *Superior Court* (1965) 238 Cal.App.2d 321, 323 [47 Cal.Rptr. 815]; *People* v. *Lamica* (1969) 274 Cal.App.2d 640, 643-644 [79 Cal.Rptr. 491]), so may a magistrate infer that the vehicle was locked.

The testimony apart from the hearsay affidavit thus showed "such a state of facts as would lead a man of ordinary caution or prudence to believe and conscientiously entertain a strong suspicion" that a crime has been committed and that defendant is guilty. (*Rogers* v. *Superior Court* (1955) 46

Cal.2d 3, 7-8 [291 P.2d 929].) ■ In *Rogers* we held that a writ will not lie to review a ruling of the magistrate on evidence at the preliminary hearing unless the "commitment is based entirely on incompetent evidence" (*id.* at p. 7). In *Jennings* we made it clear that "We adhere to that rule" (66 Cal.2d at p. 878). In *Mitchell* v. *Superior Court* (1958) 50 Cal.2d 827, 830 [330 P.2d 48], Justice Traynor also relied on *Rogers* to hold that an erroneous ruling by the magistrate did not justify a writ of prohibition because "there was competent evidence to justify committing defendants" and hence "defendants were not prejudiced by the error or deprived of any substantial right." The same is true on the facts of the case at bar.

The alternative writ is discharged and the petition for peremptory writ is denied.

**PANELLI, J.—** ■ ■ ■ I agree that the motion to dismiss the information was properly denied, but I dissent from the portion of the opinion which refuses to interpret Penal Code section 872, subdivision (c), to preserve its constitutionality.[1] The obvious purpose of the statute is to avoid requiring peripheral witnesses to appear at both the preliminary hearing and at trial—i.e., to streamline procedures involving the probable cause determination. Consistent with that purpose I would interpret the "reasonable efforts" requirement in a manner which does not impinge on due process, as was done by Justice Poché in *People* v. *Harris* (1985) 165 Cal.App.3d 1246 [212 Cal.Rptr. 216], where he indicated that a telephone call from the defense to the prosecution would suffice to trigger the People's duty to either produce the witness or suffer exclusion of the written statement. Here, the defendant followed the suggestion of *Harris,* and in my view satisfied the "reasonable efforts" requirement of section 872, subdivision (c).

The majority seeks to evade its duty to construe the statute to uphold its validity (see *Carlos* v. *Superior Court* (1983) 35 Cal.3d 131, 147-148 [197 Cal.Rptr. 79, 672 P.2d 862]) by concluding that it cannot be done without impermissibly rewriting the statute. I do not agree. "Reasonable efforts" is a fluid concept. (See *Twiggs* v. *Superior Court* (1983) 34 Cal.3d 360, 366 [194 Cal.Rptr. 152, 667 P.2d 1165].) In other instances, when the Legislature wanted "reasonable efforts" to mean attempts to secure a witness's attendance by subpoena power, it has specifically said so. (See Evid. Code, § 240 [unavailability of witness for use of prior testimony].) Its failure to similarly qualify "reasonable efforts" in this statute suggests that the Legislature intended something less than resort to compulsory process.

Moreover, I find the legislative history of the statute far less informative on the meaning of "reasonable efforts" than the majority would have us

---

[1]Unless otherwise noted, all statutory references are to the Penal Code.

believe. As originally introduced, Assembly Bill No. 1016 (1981-1982 Reg. Sess.) provided in pertinent part: "The statement shall be considered as evidence in the examination, except that if the defendant files an objection to the testimony with the court and provides a copy thereof to the prosecuting attorney no later than three court days before the date set for the examination, the magistrate may accept the statement as evidence or may order that the witness personally appear at the examination." The next version stated: "(c) Nothing in this section shall limit the right of the defendant to call any material witness for examination at the preliminary hearing. If the witness called by the defendant is one whose statement of testimony was offered by the prosecuting attorney as provided in subdivision (b), the defendant shall have the right to cross-examine the witness as to all matters asserted in the statement." (May 27, 1981, amendment.) The third version of subdivision (c) was identical to the present version except that it limited the defendant's right to call witnesses to those who are "material." (June 1, 1981, amendment.) The bill was again amended on June 17, 1981, but no change was made to subdivision (c). The final version of the bill removed the "material" limitation on the defendant's right to call witnesses.[2]

It is not clear to me from the amendatory process that the Legislature necessarily intended "reasonable efforts" to require something more than a telephone call from the defense to the prosecutor to require the prosecution to produce the witness or have the evidence excluded. I believe the statute is reasonably susceptible of such an interpretation, thereby invoking the rule that "where a statute is susceptible of two constructions, by one of which grave and doubtful constitutional questions arise and by the other of which such questions are avoided, our duty is to adopt the latter." (*United States* ex rel. *Atty. Gen.* v. *Delaware & Hudson Co.* (1909) 213 U.S. 366, 408 [53 L.Ed. 836, 849, 29 S.Ct. 527]; see also *Lynch* v. *Overholser* (1962) 369 U.S. 705, 710-711 [8 L.Ed.2d 211, 215-216, 82 S.Ct. 1063]; *People* v. *Davis* (1981) 29 Cal.3d 814, 829 [176 Cal.Rptr. 521, 633 P.2d 186]; *Department of Corrections* v. *Workers' Comp. Appeals Bd.* (1979) 23 Cal.3d 197, 207 [152 Cal.Rptr. 345, 589 P.2d 853]; *Kramer* v. *Municipal Court* (1975) 49 Cal.App.3d 418, 424 [122 Cal.Rptr. 672]; *White* v. *Valenta* (1965) 234 Cal.App.2d 243, 249 [44 Cal.Rptr. 241, 13 A.L.R.3d 1271].)

---

[2]Section 872, subdivision (c) now provides: "(c) Nothing in this section shall limit the right of the defendant to call any witness for examination at the preliminary hearing. If the witness called by the defendant is one whose statement of testimony was offered by the prosecuting attorney as provided in subdivision (b), the defendant shall have the right to cross-examine the witness as to all matters asserted in the statement. If the defendant makes reasonable efforts to secure the attendance of the witness but is unsuccessful in securing his or her attendance, the court shall grant a short continuance at the request of the defendant and shall require the prosecuting attorney to present the witness for cross-examination. If the prosecuting attorney fails to present the witness for cross-examination, the statement of the testimony of the witness shall not be considered as evidence in the examination."

I therefore find no constitutional infirmity in section 872, subdivision (c).

Grodin, J., and Lucas, J., concurred.

**REYNOSO, J.,** Concurring and Dissenting.— ▮▮▮▮ I concur fully in the majority's holding that Penal Code[1] section 872, subdivision (b) (hereinafter section 872(b)) violates the due process clause of the state Constitution (art. I, § 15) because it impermissibly burdens defendant's right of cross-examination and lightens the prosecution's task of establishing probable cause at the preliminary hearing.

I respectfully dissent, however, from the majority's disposition of the case and application of a harmless error test in this context.[2] The majority conclude that writ relief is unavailable since there was sufficient evidence apart from the challenged affidavit to support a probable cause finding. (*Ante,* pp. 955, 961-962.) In my view, because defendant was denied a substantial right at the preliminary hearing, dismissal is warranted, regardless of the sufficiency of the evidence.

Section 995 provides that upon defendant's motion, "the . . . information *shall* be set aside" if it appears "the defendant had not been legally committed by a magistrate." (Italics added.)[3] As this court long ago reiterated in *Jennings* v. *Superior Court* (1967) 66 Cal.2d 867, at page 874 [59 Cal.Rptr. 440, 428 P.2d 304]: "'"'The phrase 'legally committed,' . . . refers to the examination of the case and the holding of defendant to answer . . .'"' [Citation.] An information, of course, will not be set aside merely because there has been some irregularity or minor error in procedure in the preliminary examination. [Citation.] But where it appears that, during the course of the preliminary examination, *the defendant has been denied a substantial right,* the commitment is unlawful within the meaning of section

---

[1]Unless otherwise specified, all statutory references are to the Penal Code.

[2]To avoid confusion, I would point out that by virtue of this concurring and dissenting opinion, I join the lead opinion—and provide the crucial fourth vote—in declaring section 872(b) unconstitutional. By the same token, I dissent from the lead opinion's disposition of the case and conclusion that the motion to dismiss the information was properly denied. Justice Panelli, in his concurring and dissenting opinion joined by Justices Grodin and Lucas, agrees that the motion to dismiss was properly denied. (See conc. and dis. opn. by Panelli, J., *ante,* p. 962.) Thus there is a clear majority vote for the disposition of this matter. For the sake of simplicity, I will refer to the lead opinion as the majority.

[3]Section 995, subdivision (a) states in relevant part that: ". . . the . . . information shall be set aside by the court in which the defendant is arraigned, upon his or her motion, in either of the following cases:

" . . . . . . . . . .

"(2) If it is an information:

"(A) That before the filing thereof the defendant had not been legally committed by a magistrate.

"(B) That the defendant had been committed without reasonable or probable cause."

995, and it must be set aside upon timely motion. [Citations.]'" (Quoting *People* v. *Elliot* (1960) 54 Cal.2d 498, 502-503 [6 Cal.Rptr. 753, 354 P.2d 225], overruled on another point in *People* v. *Pompa-Ortiz* (1980) 27 Cal.3d 519, 529 [165 Cal.Rptr. 851, 612 P.2d 941], italics added in *Jennings, supra.*)

Thus an illegal commitment or denial of a substantial right has been found and dismissal warranted where defendant was denied his right of counsel (§ 859) at the preliminary examination. (*People* v. *Napthaly* (1895) 105 Cal. 641, 644-645 [39 P. 29].) Similarly, dismissal was ordered where the examination was not completed in "one session" as required by section 861. (*People* v. *Bucher* (1959) 175 Cal.App.2d 343, 347 [346 P.2d 202].) Finally, the result is no different where defendant was denied his right to present and cross-examine witnesses (§§ 865, 866) and to present an affirmative defense. (*Jennings* v. *Superior Court, supra,* 66 Cal.2d 867, 879-880; see and cf. *People* v. *Pompa-Ortiz, supra,* 27 Cal.3d 519, 523.)

Contrary to the majority's implication, a pretrial showing of denial of a substantial right is *not* subject to a harmless-error test. As this court recently reiterated in *People* v. *Pompa-Ortiz, supra,* 27 Cal.3d at page 523: "It is settled that denial of a substantial right at the preliminary examination renders the ensuing commitment illegal and entitles a defendant to dismissal of the information on timely motion. [Citations.]" We also made it unmistakably clear that while nonjurisdictional defects in the preliminary examination raised in postconviction appeals would henceforth warrant reversal only upon a showing of denial of a fair trial, *pretrial challenges of irregularities require no showing of prejudice.* (*Id.,* at p. 529.) As we explained, "At that time, by application for extraordinary writ, the matter can be expeditiously returned to the magistrate for proceedings free of the charged defects. We follow this approach in other contexts. In *People* v. *Wilson* (1963) 60 Cal.2d 139 [32 Cal.Rptr. 44, 383 P.2d 452], for example, we held that denial of defendant's right to trial within a prescribed statutory time period was not reversible error on appeal in the absence of a showing of prejudice. *If the issue is raised before trial, however, prejudice is presumed and the information is dismissed.* [Citations.]" (*Ibid.,* italics added; accord, *People* v. *Johnson* (1980) 26 Cal.3d 557, 574-575 [162 Cal.Rptr. 431, 606 P.2d 738] [reaffirming *Wilson, supra.*].)[4]

---

[4]*Pompa-Ortiz* overturned the overbroad *Elliot* rule, "that if the defendant has not been 'legally committed' and the trial court nonetheless erroneously denies the motion to set aside the information and permits the action to proceed to judgment, the resulting conviction must be reversed." (27 Cal.3d at p. 527.) We decided that henceforth irregularities in the examination procedures not "jurisdictional in the fundamental sense" would be reviewed under the appropriate standard of prejudicial error. (*Id.,* at p. 529.) In doing so, we apparently

The majority here conclude that requiring defendant to make reasonable efforts to locate the declarant (usually the accuser) contravenes due process, and that the magistrate erred in admitting the hearsay affidavit at defendant's preliminary hearing. In light of the due process concerns, it seems beyond dispute that the erroneous admission of evidence amounted to denial of a substantial right: defendant's right to examine and cross-examine witnesses under sections 865 and 866. In *Jennings* we characterized these statutes as "... declaratory of fundamental procedural rights; they are derived from our earliest criminal legislation (Stats. 1851, ch. 29, §§ 153, 159) and have remained unchanged since the codification of the Penal Code in 1872. They were among the statutes relied upon by the United States Supreme Court in the landmark decision of *Hurtado* v. *California* (1884) 110 U.S. 516, 538 [28 L.Ed. 232, 239, 4 S.Ct. 111], holding that the proceeding by preliminary examination, commitment, and information, 'carefully considers and guards the substantial interest of the prisoner' and thus constitutes due process of law. The right to present and cross-examine witnesses is, of course, as essential today as it was in 1884. [Citations.]" (*Jennings* v. *Superior Court, supra,* 66 Cal.2d at p. 875.)

When it comes to finding the affidavit procedure unconstitutional, the majority have no trouble recognizing the importance of defendant's right to cross-examine witnesses at the preliminary examination in general, and in auto theft cases in particular. (*Ante,* pp. 957, 960.) Nonetheless, the majority find the error harmless, on grounds "there remained ample independently sufficient evidence apart from the affidavit to support the ruling holding the defendant to answer for auto burglary. The eyewitness testimony of the officer firmly established probable cause." (*Id., ante,* p. 961.)

The majority cite *Rogers* v. *Superior Court* (1955) 46 Cal.2d 3, 7 [291 P.2d 929], for the rule that "a writ will not lie to review a ruling of the magistrate on evidence at the preliminary hearing unless the 'commitment is based entirely on incompetent evidence,'" and point out that *Jennings* adhered to that rule. (Majority opn., *ante,* p. 962.) *Jennings* did reaffirm that rule. (66 Cal.2d at p. 878.) The court, however, carefully drew a

---

left intact the rule of per se prejudice for pretrial challenges of commitment procedures.

The theory behind the per-se rule, as stated in *Elliot* (54 Cal.2d at p. 503) and quoted in *Pompa-Ortiz* (at p. 528) is as follows: "'where the accused is not legally committed within the meaning of section 995 . . . the commitment is voidable. Under proper objection, the superior court has no jurisdiction to proceed. It is the same as if no preliminary examination at all had been held, and is analogous to the situation where no evidence to connect the accused with the crime is introduced at the preliminary examination. In such event, of course, the information must be quashed. [Citation.]'"

Regardless of the viability of this theory, the point is that once defendant has shown denial of a substantial right in a timely filed motion to dismiss, he is entitled to dismissal of charges. (*Jennings* v. *Superior Court, supra,* 66 Cal.2d 867, 880-881.)

distinction between those cases in which cross-examination was curtailed on a critical issue and defendant was prevented from presenting an affirmative defense, and those cases in which an interference with the right of cross-examination was minimal and the information sought inessential. (*Id.,* pp. 878-879, citing *Priestly* v. *Superior Court* (1958) 50 Cal.2d 812 [330 P.2d 39] and *Mitchell* v. *Superior Court* (1958) 50 Cal.2d 827 [330 P.2d 48].) The *Jennings* court also disavowed the overbroad suggestion in an earlier case that "'If the right of cross-examination is not generally denied, a showing of probable cause will support the legality of the commitment. . . .'" (66 Cal.2d at p. 879, fn. 4, quoting *People* v. *Malloy* (1962) 199 Cal.App.2d 219, 238 [18 Cal.Rptr. 545].) Thus, *Jennings* made clear that when a restriction on cross-examination arises to the level of denial of a substantial right, "the resulting illegal commitment may be reached by way of prohibition." (*Id.,* at p. 880.)[5]

The majority apply the *Rogers* rule too rigidly. Defendant's motion to set aside the information was based on an illegal commitment rather than a lack of probable cause. By equating the presence of ". . . 'competent evidence to justify committing defendants'" with a lack of prejudice or denial of a substantial right, the majority foreclose section 995 relief based solely on an illegal commitment. The majority's resolution is untenable and inconsistent with their holding that section 872(b) is unconstitutional. In light of this holding and longstanding precedent, particularly our unequivocal language in *Pompa-Ortiz* (27 Cal.3d at pp. 523, 529) and the seminal *Jennings* case (66 Cal.2d at pp. 880-881), it seems we have no choice but to presume prejudice from the denial of this *substantial* right, and to order dismissal of the information.

If, on the other hand, we are invalidating section 872(b) but deeming use of the affidavit procedure insubstantial *in this particular case,* we should make this clear, so as not to diverge from longstanding and sound authority. In my view, having found the statutory procedure does not comport with due process, we have also necessarily found that this defendant was denied

---

[5]In *Jennings,* this court explained that, "'Not [in] every instance in which a cross-examiner's question is disallowed will defendant's right to a fair hearing be abridged, since the matter may be too unimportant [citation], or there may be no prejudice [citation], or the question may involve issues which can be brought up at a more appropriate time [citation]. However, *where the subject of cross-examination concerns the matter at issue* there can be no doubt that the refusal to permit such question results in a denial of a fair hearing. [Citations.]'" (66 Cal.2d, at p. 879, citing conc. opn. of Carter, J., in *Priestly* v. *Superior Court, supra,* 50 Cal.2d 812, at pp. 822-823, italics added.) Thus in *Jennings,* the magistrate's refusal to allow defendant a continuance to call a material witness in order to show the arrest for narcotics possession was a "setup" amounted to denial of a substantial right and an illegal commitment. Defendant was entitled to a peremptory writ of prohibition upon a timely motion to dismiss and writ petition, without any further showing. (66 Cal.2d at pp. 879-881.)

a substantial right. His commitment, being illegal, cannot stand—regardless of the other, properly admitted evidence before the magistrate.[6]

I would issue the writ of prohibition barring respondent court from proceeding on the information.[7]

Bird, C. J., and Broussard, J., concurred.

The petition of real party in interest for a rehearing was denied March 5, 1987.

---

[6]It may be that the majority view the wholesale denial of cross-examination of this *minor* witness—the vehicle owner—as inconsequential or nonprejudicial. I submit that such a position is inconsistent with, and undercuts, the holding in this case, that due process, at least under our state Constitution, is offended by use of the affidavit procedure. Under *Jennings,* the affidavit "concerns the matter at issue" and use thereof "result[ed] in a denial of a fair hearing." (66 Cal.2d, at p. 879.)

[7]Charges may of course be refiled, consistent with sections 999 and 1387.